**IN THE US DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN W. SMITH, IV and<br>SARAH H. SMITH, h/w<br>669 N. Shady Retreat Road<br>Doylestown, PA 18901,<br>　　　　　　　　　Plaintiffs | :<br>:<br>:<br>:<br>: | <br><br><br>CIVIL ACTION - LAW<br>NO. _____ |
| v. | : | |
| MID-CENTURY INSURANCE COMPANY<br>d/b/a FARMERS INSURANCE<br>6301 Owensmouth Avenue<br>Woodland Hills, CA 91367,<br>　　　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>: | |

**Civil Action Complaint**

1.　　Plaintiff, John W. Smith, IV, (hereinafter referred to as "Plaintiff"), is an adult individual who resides at the above referenced address. At all relevant times, Plaintiff has been and continues to be a resident of the Commonwealth of Pennsylvania.

2.　　Plaintiff, Sarah H. Smith, (hereinafter referred to as "Plaintiff Wife"), is an adult individual who resides at the above referenced address. At all relevant times, Plaintiff Wife has been and continues to be a resident of the Commonwealth of Pennsylvania.

3.　　At all relevant times, Plaintiff, John W. Smith, IV and Plaintiff, Sarah H. Smith, were and continue to be legally married.

4.　　Defendant, Mid-Century Insurance Company, d/b/a Farmers Insurance, (hereinafter referred to as "Defendant Farmers") is a California corporation authorized to conduct business and issue policies of casualty insurance in the Commonwealth of Pennsylvania, with a home office located at the above referenced address.

5. Plaintiffs are not from the same state as Defendant Farmers and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

6. On or about October 11, 2018, at approximately 12:25 p.m., Plaintiff was the operator of a 1998 Toyota Sienna (hereinafter "Plaintiffs' Vehicle") heading eastbound on Washington Lane approaching its intersection with Ogontz Avenue in Philadelphia County, Pennsylvania, when Plaintiff brought Plaintiffs' Vehicle to a careful and gradual stop at the intersection, for a red traffic signal for vehicles traveling in Plaintiff's traffic direction.

7. At the aforesaid place and time, Dashawn Davis (hereinafter referred to as "Tortfeasor") was operating a 2018 Hyundai Elantra (hereinafter "Tortfeasor's Vehicle") at an extreme high rate of speed, southbound on Ogontz Avenue approaching its intersection with Washington Lane.

8. At the aforesaid place and time, as Tortfeasor approached the aforesaid intersection, he suddenly and without warning, initiated a right hand turn onto westbound Washington Lane, when he negligently and carelessly entered into the opposing traffic lane, violently crashing Tortfeasor's Vehicle head on into Plaintiffs' completely stopped Vehicle, propelling Plaintiffs' Vehicle backward into the vehicle stopped directly behind Plaintiffs' Vehicle, causing a second crash (hereinafter referred to, collectively with the initial crash, as the "Crashes").

9. The Crashes were caused solely, directly, and proximately as a result of the negligence and carelessness of Tortfeasor as set forth more fully herein.

10. The negligence and carelessness of Tortfeasor included:

   a. Operating Tortfeasor's Vehicle in such a manner as to cause Crashes, specifically turning Tortfeasor's Vehicle too widely;

b. Operating Tortfeasor's Vehicle in such a manner as to cause a crash, specifically driving at an extreme rate of speed;

c. Operating Tortfeasor's Vehicle without due regard for the rights, safety, well being and position of the Plaintiff under the aforesaid circumstances;

d. Failing to be alert, aware and attentive to traffic conditions ahead of him;

e. Failing to take evasive action in order to avoid the Crashes;

f. Failing to maintain proper speed prior to the Crashes;

g. Failing to warn Plaintiff of the impending approach and impact of Tortfeasor's Vehicle;

h. Failing to properly negotiate turns and curves in the road;

i. Failing to safely make a turn;

j. Failing to maintain control of Tortfeasor's Vehicle so as to remain on his side of the roadway;

k. Engaging in another activity which distracted him from the roadway conditions immediately in front of him;

l. Operating Tortfeasor's Vehicle in violation of 75 Pa.C.S. §3361, driving at an unsafe speed;

m. Operating Tortfeasor's Vehicle in opposing traffic's lane of travel in violation of Pa.C.S. §3309;

n. Operating Tortfeasor's Vehicle in violation of Pa.C.S. §3334; Turning Movements and Required Signals;

o. Operating Tortfeasor's Vehicle in violation of 75. Pa.C.S. §3331; Required Position and Method of Turning;

p. Violating 75 Pa.C.S. §3743, duties after collisions involving property damage; and

q. Operating Tortfeasor's Vehicle in violation of 75 Pa.C.S. §3714, careless driving.

11. As a direct and proximate result of the Crashes described above, Plaintiffs' Vehicle was totaled and Plaintiff sustained severe, painful and debilitating personal injuries.

12. Plaintiff in no way or manner caused or contributed to the Crashes or his resulting injuries.

13. As a direct and proximate result of Tortfeasor's negligence and carelessness and the resulting Crashes, Plaintiff has suffered and may in the future continue to suffer bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and one or more serious impairments of bodily functions.

14. As a direct and proximate result of Tortfeasor's negligence and carelessness, the aforesaid Crashes, and Plaintiff's resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary treatments.

15. As a direct and proximate result of Tortfeasor's negligence and carelessness, the aforesaid Crashes, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure himself of the injuries he sustained, to his ongoing detriment and financial loss.

16. As a direct and proximate result of Tortfeasor's negligence and carelessness, the aforesaid Crashes, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

17. As a direct and proximate result of Tortfeasor's negligence and carelessness, the aforesaid Crashes, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to his ongoing detriment and financial loss.

18. As a direct and proximate result of Tortfeasor's negligence and carelessness, the aforesaid Crashes, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be

prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of his earning capacity, to his ongoing detriment and loss.

19. Upon information and belief, at the time of the Crashes, the Tortfeasor's Vehicle was insured under a Policy of motor vehicle insurance issued by State Farm Insurance with a bodily injury liability protection limit of $15,000, all of which was tendered to Plaintiffs.

20. Defendant Farmers consented to the settlement of the third party action.

21. The Tortfeasor's bodily injury liability limits are not adequate to fully compensate the Plaintiffs for the significant, permanent and/or debilitating personal injuries Plaintiff sustained as a direct and proximate result of the negligence and carelessness of the Tortfeasor.

22. At the time of the aforesaid Crashes, Plaintiffs' Vehicle was registered in the Commonwealth of Pennsylvania to Plaintiffs and insured under a four-vehicle motor vehicle insurance Policy (hereinafter referred to as the "Policy") issued by Defendant Farmers to Plaintiffs, with an underinsured motorist benefit limit in the amount of $100,000/person, upon information and belief, unstacked, for a total benefit limit amount of $100,000/person.

23. A true and correct copy of the Plaintiffs' declarations page and Policy, in effect on the date of the Crashes, forwarded by Defendant Farmers is attached hereto as Exhibit "A."

24. At the time Plaintiffs purchased said Policy, they resided in the Commonwealth of Pennsylvania and elected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania, in order to protect persons who may suffer bodily injury as a result of a motor vehicle crash.

25. As a direct and proximate result of the Plaintiffs' selection of bodily injury limits greater than the minimum coverage required by law, Plaintiffs paid and Defendant Farmers accepted increased premium payments in full.

26. At all times material hereto, Defendant Farmers acted individually and/or through its respective agents, representatives, servants and/or employees, who were acting within the course and scope of their employment and/or agency for Defendant Farmers.

27. At all times material hereto and upon information and belief, premiums requested by Defendant Farmers as payment for the aforesaid policies of insurance had been timely paid in full and Plaintiffs' Policy was in full force and effect on the date of the aforesaid Crash.

28. As a direct and proximate result of the injuries referred to herein, Plaintiffs' damages exceed the value of the Tortfeasor's maximum motor vehicle liability insurance coverage of $15,000.

29. On or about January 26, 2021, Plaintiffs made a written demand to Defendant Farmers, through counsel, for the tender of $100,000 of the underinsured motorist limit under the Policy based upon Plaintiff's injuries, including injuries as reflected in the medical records and reports provided to Defendant Farmers.

30. To date, despite having all of the aforementioned sufficient documentation, Defendant Farmers has failed to make an offer that represents the full value of Plaintiffs' underinsured motorist claims.

31. Defendant Farmers has offered $3000.00 under Plaintiffs' underinsured motorist benefit in response to Plaintiffs' demand.

32. An offer of $3,000.00 does not represent an objectively reasonable assessment of the true value of Plaintiff's bodily injury underinsured motorist claim, given the medical records previously provided to Defendant Farmers.

**COUNT I-Breach of Contract**
**John W. Smith, IV v. Mid-Century Insurance Company, d/b/a Farmers Insurance**

33. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

34. Upon information and belief, Plaintiff has fully complied with all the terms, conditions and/or his duties under the Policy.

35. Plaintiff, Defendant Farmers' insured, has damages and injuries which exceed the policy of motor vehicle liability insurance applicable to Tortfeasor.

36. Defendant Farmers has failed to objectively, reasonably, timely and/or fairly evaluate Plaintiff's claims and has failed to pay benefits due to Plaintiff under the Policy.

37. Defendant Farmers has failed to promptly offer payment of the objectively reasonable and fair value of the underinsured motorist claims to Plaintiff.

38. Plaintiff, Defendant Farmers' insured, by and through counsel, has provided sufficient information and documentation of Plaintiff's claims for underinsured motorist benefits as described above, to warrant an objectively fair offer.

39. Defendant Farmers has failed to reasonably, properly, timely and/or fully investigate Plaintiff's claims in as much as a thorough and proper inquiry would have revealed that Plaintiff sustained significant, permanent, and serious bodily injuries warranting a tender of the aforementioned underinsured motorist coverage limits.

40. For the reasons set forth above, Defendant Farmers has violated its contractual duty to its insured under the aforementioned policy of insurance.

WHEREFORE, Plaintiff John W. Smith, IV, respectfully requests that this Honorable Court grant judgment in his favor and against Defendant Farmers in an amount in excess of

Seventy Five Thousand Dollars ($75,000), together with such other relief as this Honorable Court deems just and proper.

## COUNT II-Loss of Consortium - Breach of Contract
**Sarah H. Smith v. v. Mid-Century Insurance Company, d/b/a Farmers Insurance**

41. Plaintiff Wife incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

42. Plaintiff Wife was lawfully married to Plaintiff at all times material hereto.

43. Plaintiff Wife has been required to assist her spouse due to his impairments, as a direct and proximate result of his Crash related injuries.

44. As a direct and proximate result of Plaintiff's injuries, Plaintiff Wife has lost his society, support, affection, financial assistance and/or companionship much to her ongoing suffering.

45. Plaintiff Wife has damages and injuries which derive from Plaintiff's damages and injuries, and in conjunction with Plaintiffs' damages and injuries, exceed the value of the limits of Tortfeasor's motor vehicle liability insurance coverage.

46. Defendant Farmers owes Plaintiff Wife a contractual obligation to fully value Plaintiff Wife's claim.

47. Defendant Farmers owes Plaintiff Wife a contractual obligation to promptly offer payment of the full value of the underinsured motorist claims to Plaintiffs.

48. Defendant Farmers has violated its contractual obligations to its own insureds under the aforementioned Policy.

WHEREFORE, Plaintiff Sarah H. Smith respectfully requests that this Honorable Court grant judgment in her favor and against Defendant Farmers in an amount in excess of Seventy Five

Thousand Dollars ($75,000), together with such other relief as this Honorable Court may deem appropriate.

                                                             OSTROFF LAW, PC
                                                              Attorney for Plaintiffs

Date: _06/25/21_                By:     _/s/Christine V. Clarke_
                                                               Christine V. Clarke, Esquire
                                                                Attorney Id. No.: 314407
                                                                518 E. Township Line Road, Suite 100
                                                                Blue Bell, PA 19422
                                                                Phone: (610)279-7000

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
John W. Smith IV, Plaintiff
Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Sarah H. Smith*
Sarah H. Smith, Plaintiff
Plaintiff