# EXHIBIT "A"





**FARMERS**
INSURANCE

National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994

November 19, 2019

OSTROFF LAW
518 E TOWNSHIP RD STE 100
BLUE BELL PA 19422
Delivered by fax to: (484) 351-0355

RE:   Claim Number:
      Insured:            Sarah Smith
      Policy Number:
      Loss Date:          10/11/2018
      Injured Party:      John Smith
      Subject:            Important Claim Information

Dear Megan Weber:

Per your request attached are copies of the First Party Benefits payment log, signed tort waiver, signed UM/UIM stacking rejection forms, certified copy of the declarations page, and policy.  Please note these forms were sent on September 18, October 11, and November 18, 2018.  Please call or send a letter confirming receipt of the attached documents.

If you have any questions or concerns, call me

Thank you.

Mid-Century Insurance Company

Michael Henshaw
Med/PIP Claims Representative

Enclosure(s):
        (5)

0HDKBHL83



**FARMERS**
INSURANCE

September 18, 2019

Insured:  Sarah Smith and John Smith

Loss Date:  10/ 11/ 2018
Policy Term:  6      Months

☐ Attached is a certified true copy of the original information sent to the insured.

☐ Attached is a certified true copy of the original declarations page, policyback and endorsements.

☒ Attached is a certified true copy of the original declaration page. The attached policyback and endorsements did not mail with this declaration page, but are included as requested.

☐ Attached is a certified true copy of the original declaration page only.

☐ Attached is a certified reconstructed copy of the declaration page only.

☐ Attached is a certified reconstructed copy of the declaration page, policyback and endorsements.

☐ Attached is a certified reconstructed copy of the cancellation.

☐ Attached is a certified true copy of the original cancellation.

Any additional Declaration Sheet(s) included with these documents labeled as "change or change-misc." may reflect a mid-term change in the policy and therefore a time period of less than the original policy term, however the dates reflect the most current policy information on file, up to and including the date of loss for the above-referenced claim.

Exhibit " A "

MICHAEL J LELLI
213 N SYCAMORE ST
NEWTOWN, PA 18940



# Auto Insurance Renewal Offer

### Your Farmers Policy

Effective: 4/28/2018 12:01 AM
Expiration: 10/28/2018 12:01 AM

SARAH SMITH
JOHN SMITH

### Your Farmers Agent

**Michael J Lelli**

3/2/2018

Dear Sarah Smith and John Smith,

Thank you for choosing Farmers for your automobile insurance needs. We appreciate the opportunity to provide continued coverage for you and your family.

Please review the renewal documents that have been enclosed:

- ID cards
- Declaration page – a summary of your insurance coverages, limits, and deductibles

A summary of your premium information is shown below.

### Premium at-a-glance

 Policy Premium                               $1,791.50

In addition to any discounts that have already been applied to your policy, you could save even more by switching your payment method. We offer discounts to customers who pay in full at renewal or enroll in automatic bank payment. Please contact your agent to learn how you can start saving today.

This is not a bill. Your bill with the amount due will be mailed separately.

If you prefer, you can log into farmers.com today to review your balance and make a payment. You can also contact us at 1-877-327-6392 or visit your agent's office with your payment.

Sincerely,

Farmers Insurance Group®

### To file a claim call
**1-800-435-7764**

### Did you know?

**Farmers Friendly Review**
Contact your agent to learn more about the policy discounts, coverage options, and other product offerings that may be available to you.

25-8164   1-14

# Auto Insurance Declaration Page



FARMERS
INSURANCE

---

*Effective:*       4/28/2018 12:01 AM
*Expiration:*      10/28/2018 12:01 AM
*Named Insured(s):* Sarah Smith
                   John Smith

*Underwritten By:*  MID-CENTURY INSURANCE COMPANY

## Premiums

Policy Premium                              $1,791.50

**Your policy premium includes a Total Estimated Discount Savings of $1,176.10**

**This is not a bill.**
Your bill with the amount due will be mailed separately.

---

## Household Drivers

All persons who drive or will occasionally be driving any of the cars on the policy should be listed below. If anyone is missing or needs to be added, such as a newly licensed driver, you should contact your agent or the company to add that person before they begin to drive any of the cars covered on the policy.

| Name | Driver Status | Name | Driver Status |
|------|---------------|------|---------------|
| Sarah Smith | Covered | John Smith | Covered |

## Vehicle Information

| Veh. # | Year/Make/Model/VIN | Coverage | Deductible | Limit |
|--------|---------------------|----------|------------|-------|
| 1 | 1998 Toyota Sienna Van 2Wd Le/Xle 5D | Comprehensive: | $1,000 | |
|   | 4T3ZF13C2WU061047 | Collision: | $1,000 | |
| 2 | 2010 Chevrolet Malibu 4Door Ls | Comprehensive: | $1,000 | |
|   | 1G1ZB5EB6AF116206 | Collision: | $1,000 | |
| 3 | 2001 Saturn SI 4D SI2 | Comprehensive: | $1,000 | |
|   | 1G8ZK52711Z242893 | Collision: | $1,000 | |
| 4 | 2008 Toyota Camry 4D 2Wd Ce/Le/Xle/SE | Comprehensive: | $1,000 | |
|   | 4T1BE46K98U204130 | Collision: | $1,000 | |

## Coverage Information

| Coverage | Limits (applicable to all vehicles) | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
|----------|-------------------------------------|-----------|-----------|-----------|-----------|
| | | | Premiums by Vehicle | | |
| Bodily Injury Liability | $100,000 each person $300,000 each accident Limited Tort | $70.90 | $115.20 | $75.50 | $125.10 |
| Property Damage Liability | $100,000 each accident | $85.10 | $108.90 | $78.20 | $126.10 |
| Uninsured Motorist Bodily Injury-without Stacking | $100,000 each person $300,000 each accident | $8.30 | $10.60 | $11.80 | $13.80 |

---

**Questions?**
Call your agent: Michael J Lelii at (267) 685-0590 or email mlelii@farmersagent.com

**Manage your account:**
Go to www.farmers.com to access your account any time!

56-6176   1st Edition 5-17   3/2/2018

Page 1 of 3

## Declaration Page (continued)

| Coverage | Limits (applicable to all vehicles) | Premiums by Vehicle | | | |
|---|---|---|---|---|---|
| | | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
| Underinsured Motorist Bodily Injury-without Stacking | $100,000 each person $300,000 each accident | $32.00 | $40.90 | $45.70 | $53.60 |
| Comprehensive | | $17.20 | $49.40 | $17.00 | $31.80 |
| Collision | | $54.40 | $166.20 | $69.90 | $170.20 |
| Towing and Road Service | | $7.30 | $7.30 | $7.30 | $7.30 |
| Accident Forgiveness Package | | $9.30 | $16.40 | $10.40 | $17.80 |
| FIRST PARTY BENEFITS | | | | | |
| Medical Coverage | $5,000 each person | $23.50 | $22.20 | $27.30 | $37.00 |
| Funeral Expense Benefits | $2,500 each person | $0.90 | $0.80 | $1.00 | $1.40 |
| Income Loss Benefits | | Not Covered | Not Covered | Not Covered | Not Covered |
| Accidental Death Benefits | $25,000 each person | $3.50 | $3.30 | $4.10 | $5.60 |
| Combination Package | | Not Covered | Not Covered | Not Covered | Not Covered |
| Extraordinary Medical Benefits | | Not Covered | Not Covered | Not Covered | Not Covered |
| Total Premium Per Vehicle | | $312.40 | $541.20 | $348.20 | $589.70 |
|  Policy Premium | | | | | $1,791.50 |

## Discounts

| Discount Type | Applies to Vehicle(s) | Discount Type | Applies to Vehicle(s) |
|---|---|---|---|
| Auto/Home | 1, 2, 3, 4 | Multiple Car | 1, 2, 3, 4 |
| Homeownership | 1, 2, 3, 4 | ePolicy | 1, 2, 3, 4 |
| Anti-Theft Dvce | 1, 2 | Passive Restraint | 1, 2, 3, 4 |

**Total Estimated Discount Savings as of Date of Mailing**     $1,176.10

## Policy and Endorsements

This section lists the policy form number and any applicable endorsements that make up your insurance contract. Any endorsements that you have purchased to extend coverage on your policy are also listed in the coverages section of this declarations document: 56-5667 1st ed.; J6967 2nd ed.

## Other Information

- Total Citation/Accident surcharge for this policy is $0.00.
- Vehicle 1,2,3,4 - Deductible waived if glass repaired rather than replaced.
- If this policy includes Part IV - Collision coverage, then this policy covers Collision damage to rental cars (non-owned car) as described and limited by the terms of Part IV - Collision of the policy.

**Questions?**
Call your agent Michael J Lelii at (267) 685-0590 or email mlelii@farmersagent.com

**Manage your account:**
Go to www.farmers.com to access your account any time!

56-6176   1st Edition   5-17

## Declaration Page (continued)

- Farmers Friendly Reviews are a great way to make sure you are receiving all the discounts for which you qualify, and identify any potential gaps in coverage. Contact your agent to learn more about the policy discounts, coverage options, and other product offerings that may be available to you.

### *Information on Additional Fees

The "Fees" stated in the "Premium/Fees" section on the front apply on a per-policy, not an account basis. The following additional fees also apply:

1. **Service Charge per installment** (In consideration of our agreement to allow you to pay in installments):
   - For Recurring Electronic Funds Transfer (EFT) and fully enrolled online billing (paperless): **$0.00** (applied per account)
   - For other Recurring EFT plans: **$2.00** (applied per account)
   - For all other payment plans: **$5.00** (applied per account)

If this account is for more than one policy, changes in these fees are not effective until the revised fee information is provided for each policy.

2. **Late Fee: $10.00** (applied per account)
3. **Returned Payment Charge: $20.00** (applied per check, electronic transaction, or other remittance which is not honored by your financial institution for any reason including but not limited to insufficient funds or a closed account)
4. **Reinstatement Fee: $25.00** (applied per policy)

One or more of the fees or charges described above may be deemed a part of premium under applicable state law.

*Countersignature*

_Authorized Representative_

**Questions?**
Call your agent Michael J Lelli at (267) 685-0590 or email mlelli@farmersagent.com

**Manage your account:**
Go to www.farmers.com to access your account any time!

56-6176   1st Edition   5-17

Page 2 of 3

# Personal Auto Policy



**FARMERS**
INSURANCE

## Index

*Insuring Agreement* .......................................3

*Definitions Used Throughout This Policy* .......3

*Part I - Liability Coverage* ............................4
Bodily Injury Liability....................................4
Property Damage Liability ...............................4
A. Insuring Agreement - Bodily Injury and Property
   Damage Coverage ......................................4
B. Additional Payments ..................................5
C. Additional Definitions Used in This Part Only ..........5
D. Exclusions - What is Not Insured in Part I ..............5
E. Limits of Liability ....................................6
F. Legal Action Against Us ...............................7
G. Conformity with Financial Responsibility Laws...........7
H. Out of State Coverage ................................7
I. Other Insurance ......................................7

*Part II - Uninsured Motorist and Underinsured
Motorist Coverage* .....................................7
Uninsured Motorist Bodily Injury .......................7
Underinsured Motorist Bodily Injury ....................7
A. Insuring Agreement - Uninsured Motorist Bodily Injury
   Coverage ............................................7
B. Insuring Agreement - Underinsured Motorist Bodily Injury
   Coverage ............................................8
C. Additional Definitions Used in This Part Only ...........8
D. Limits of Liability ....................................9
E. Non-Stacked Limit of Liability.........................9
F. Limits of Liability Applicable to Both Stacked and Non-
   Stacked Coverage.....................................9
G. Stacked Limit of Liability ............................10
H. Exclusions - What is Not Insured in Part II ............10
I. Other Insurance .....................................11
J. Arbitration ..........................................11

*Part III - First Party Benefits Coverage* .......11
First Party Benefits Coverage ..........................11
A. Insuring Agreement - Basic First Party Benefit .........11
B. Insuring Agreement - Added First Party Benefits .........11

C. Insuring Agreement - Combination First Party Benefits ....12
D. Insuring Agreement - Extraordinary Medical Benefits
   Coverage ...........................................12
E. Additional Definitions Used in This Part Only ..........12
F. Exclusions That Apply to Part III - First Party Benefits
   Coverage ...........................................13
G. Limits of Liability ...................................14
H. Priorities of Policies.................................14
I. Other Insurance .....................................15

*Part IV - Damage to Your Car* ......................15
Comprehensive ........................................15
Collision...............................................15
Towing and Road Service ...............................15
A. Insuring Agreement ..................................15
B. Additional Definitions Used in This Part Only ..........16
C. Supplementary Payments..............................17
D. Exclusions - What is Not Insured in Part IV.............17
E. Additional Duties for Part IV - Damage to Your Car .......19
F. Payment of Loss......................................19
G. Limits of Liability ...................................19
H. Preservation of Salvage ..............................20
I. No Benefit to Bailee .................................20
J. Legal Action Against Us ..............................20
K. Other Insurance .....................................20
L. Appraisal............................................20

*Part V - Duties After an Accident and General
Conditions* ...........................................21
A. Duties After an Accident .............................21
B. General Conditions...................................21
   1. Policy Period and Territory ........................21
   2. Your Duty to Report Changed Circumstances .........21
   3. Coverage Changes ................................22
   4. Legal Action Against Us...........................22
   5. Transfer of Your Interest ..........................22
   6. Our Right to Recover Payment .....................22
   7. Bankruptcy ......................................22
   8. Termination ......................................22
   9. Misrepresentation or Fraud .......................23
   10. Terms Conformed to Statutes .....................24

## Personal Auto Policy (continued)

11. Proof of Mailing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24
12. Policy Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24
13. Additional Benefits and Services . . . . . . . . . . . . . . . . . . .24
14. Policy Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24
15. Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24
16. Joint and Individual Interests . . . . . . . . . . . . . . . . . . . . . .24

17. Loss Payable Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . .24
18. Limited Material Damage Coverage in Mexico . . . . . . . .25
19. Car Sharing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

### Special Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

## Personal Auto Policy (continued)

### Insuring Agreement

In return for **your** premium payment and based upon the representations **you** made in the application for this insurance, **we** agree to insure **you** for each of the coverages listed on the **Declarations Page** subject to all the terms, limits and conditions of the application, the **Declarations Page**, this policy and all of its endorsements.

### Definitions Used Throughout This Policy

A. Certain words and phrases are defined in this policy. Defined words and phrases appear in boldface type and have special meaning. Refer to the definition sections for the meanings. The defined terms have the same meaning whether in the singular, plural, or any other form of the same term.

B. **We, us** and **our** mean the Company named on the **Declarations Page** that provides this insurance.

C. **You** and **your** mean the **named insured** shown on the **Declarations Page** and **your** spouse, if a resident of **your** household.

  1. **Your** spouse includes a registered domestic partner, civil union or similar union under applicable state law:

     a. If the person is a resident of the same household with **you** during the policy period, and

     b. If the civil union or partnership was validly entered into under the laws of any state, municipality, or territory of the United States or any other country.

  2. If **your** spouse or partner defined above is no longer a resident in the same household during the policy period, the spouse or partner will be considered insured by this policy until the earlier of:

     a. The end of ninety (90) days following the change of residency;

     b. The effective date of another policy listing **your** spouse or partner as a named insured;

     c. The end of the policy period; or

     d. Cancellation of this policy.

D. **Definitions**

  1. **Accident** means a sudden, unexpected and unintended event. An **accident** must occur during the policy period, arise out of the ownership, maintenance or use of a **car** and cause **bodily injury** or **property damage**.

  2. **Additional car** means a **car** that **you** acquire by purchase or by a written lease of at least six (6) continuous months.

     a. For coverage to apply **you** must:

        (1) Acquire the **car** during the policy period; and

        (2) Notify **us** within thirty (30) days of its acquisition.

     b. An **additional car** will have the broadest coverage **we** provide for any **car** shown on the **Declarations Page**.

     c. Coverage does not continue after thirty (30) days if **you** fail to notify **us** of its acquisition.

  3. **Bodily injury** means accidentally sustained bodily harm to an individual including any resulting illness, disease or death.

  4. **Business** means any full or part-time profession, occupation, trade or commercial enterprise.

  5. **Car** means a four-wheeled private passenger car of the coupe, sedan, station wagon, pick-up truck, van or sport utility type, with gross vehicle weight of 14,000 pounds or less, and licensed for and used only upon public highways. It does not include a motorhome, a step van, parcel delivery van, cargo cutaway van, or other van with the cab separate from the cargo area.

  6. **Commercial Ridesharing Program** means an arrangement or activity through which persons or property are transported for compensation, regardless of the amount or form of compensation charged or paid and includes the time:

     a. commencing when a driver of a **car** is available to accept transportation requests for passengers or property for compensation;

     b. between the driver accepting a transportation request and the passengers or property entering into or being loaded upon the **car** used for this request;

     c. passengers or property are in or upon the **car** used for this request; and

     d. between the passengers or property exiting or unloading from the **car** and the driver is no longer available to accept transportation requests.

  7. **Damages** mean compensation in the form of compensatory damages that can be recovered by those who suffer **bodily injury** or **property damage** as a result of an **accident**. **Damages** do not mean punitive or exemplary damages or any restitution, fines or penalties that are required to be paid as the result of any civil or criminal proceedings brought against any person.

  8. **Declarations Page** means the document from **us** listing:

     a. The type of coverages **you** have elected;

     b. The limit for each coverage;

     c. The premium for each coverage;

     d. The **cars** insured by this policy;

     e. The **named insured**; and

     f. Other policy information.

## Personal Auto Policy (continued)

9. **Family member** means a person who resides with **you** and who is related to **you** by blood, marriage or adoption, including a ward or foster child. This also includes a minor in the custody of **you** or of a person related to **you** who resides with **you**.

10. **Named insured** means the person or persons listed on the **Declarations Page** as the **named insured**.

11. **Non-owned car** means any **car** or **utility trailer**, other than **your insured car**, which is not owned by, furnished or available for regular use by **you** or a **family member** while in the custody of or being operated by **you** or a **family member**.

12. **Occupying** means:
    a.  In;
    b.  On;
    c.  Getting into; or
    d.  Getting out of.

13. **Personal Car Sharing Program** means a **business** in which persons or legal entities are engaged in the **business** of facilitating the sharing of **cars** for temporary use by individuals.

14. **Prearranged Ride** means a period of time that begins when a driver accepts a transportation request through a digital network or similar connection and continues while the driver transports the rider in a **car**, and ends when the rider departs from the **car**.

15. **Property damage** means physical injury to or destruction of tangible property, including loss of its use.

16. **Rental car** means any **car** or a **utility trailer** that is rented by **you** on a daily or weekly basis not to exceed thirty (30) consecutive days, provided that this **car** or **utility trailer** is not owned by, furnished or available for regular use by **you** or a **family member**.

17. **Replacement car** means a **car** that **you** acquire to replace any **car** listed on the **Declarations Page**, either by purchase, or by a written lease of at least six (6) continuous months.
    a.  **You** must:
        (1) acquire the **car** during the policy period; and
        (2) notify **us** within thirty (30) days of its acquisition.
    b.  A **replacement car** will have the same coverage as **your insured car** that it replaces.
    c.  Coverage does not continue after thirty (30) days if **you** fail to notify **us** of the replacement.

18. **Serious injury** means a **bodily injury** or a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

19. **Substitute car** means a **car** not **owned** by **you** or a **family member**, but being temporarily used by **you** or a **family member** as a substitute for a **car** listed on the **Declarations Page** only when that listed **car** is withdrawn from normal use because of breakdown, repair, servicing, loss or destruction.

20. **Utility trailer** means a non-motorized vehicle that is designed to be towed by **your insured car** and it includes a farm wagon or farm implement while towed by a **car** on public roads. **Utility trailer** does not mean:
    a.  A trailer used as an office, store, display or any other **business** for commercial purposes;
    b.  A passenger trailer;
    c.  A trailer used as a primary residence; or
    d.  A travel trailer or camper trailer.

21. **Your insured car** means:
    a.  Any **car** listed on the **Declarations Page** of this policy;
    b.  A **replacement car**;
    c.  A **substitute car**;
    d.  A **rental car**;
    e.  An **additional car**; and
    f.  Any **utility trailer**:
        (1) that **you** own, or
        (2) if not owned by **you**, while attached to **your insured car**.

## Part I - Liability Coverage

**Bodily Injury Liability**
**Property Damage Liability**

A.  **Insuring Agreement - Bodily Injury and Property Damage Coverage**

    **We** will pay **damages** for **bodily injury** or **property damage** that any **insured person** is legally liable to pay as a result of an **accident** to which this coverage applies. **We** will defend an **insured person** against any covered suit or settle any claim or lawsuit as **we** deem appropriate. Subject to the limits of liability, **damages we** pay will include prejudgment interest awarded in a judgment against an **insured person** in accordance with the applicable Pennsylvania Rules of Civil Procedure. **Our** duty to defend or settle any suit will end after **we** have exhausted the limits of liability through payment of judgments or settlements. **We** have no duty to defend

## Personal Auto Policy (continued)

any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

### B. Additional Payments

**We** will also pay the following benefits for an **insured person**:

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend; however, **we** are not obligated to apply for, furnish, or provide collateral or security for any of the above bonds. **We** are not required to purchase a bond in an amount greater than **our** limit of liability.

2. Up to $300 for the cost of bail bonds required because of an **accident** or traffic law violation arising out of the use of **your insured car**; however, **we** are not obligated to apply for, furnish, or provide collateral or security for any bonds. **We** are not required to purchase a bond in an amount greater than **our** limit of liability.

3. Actual loss of wages or salary up to $50 a day, but not other income, when **we** ask an **insured person** to attend a trial or hearing.

4. Reasonable expenses incurred by an **insured person** for first aid, if provided to others by the **insured person** at the scene an **accident** involving any **car** insured under **Part I - Liability Coverage**.

5. Post judgment interest that accrues on any **damages** awarded in any suit **we** defend, which interest has accrued after judgment is entered and before **we** have paid, offered to pay, or deposited with the court that portion of the judgment that is not in excess of **our** limit of liability. **We** will not pay post judgment interest on any portion of the judgment that exceeds **our** limits of liability.

6. All costs **we** incur in settling any claim or defending any lawsuit.

7. Other reasonable expenses, if incurred at **our** request.

### C. Additional Definitions Used in This Part Only

**Insured person** in Part I means:

1. **You** or any **family member**;

2. Any person using **your insured car** with **your** permission; or

3. Any other person or organization with respect only to legal liability for acts or omissions of:

    a. Any person insured under Part I while using **your insured car**, or

b. **You** or any **family member** insured under Part I while using any **car**, other than **your insured car**, if not owned or hired by that person or organization.

**Insured person** does not mean:

1. The United States of America or any of its agencies;

2. Any person for **bodily injury** or **property damage** arising from the operation of a **car** by that person as an employee of the United States Government when the provisions of the Federal Tort Claims Act apply;

3. Any named excluded driver; or

4. Any person while **occupying**, operating or using a **car** that is available for hire or while using a **car** that is part of a **Personal Car Sharing Program**, a **Commercial Ridesharing Program** or a similar arrangement.

### D. Exclusions - What is Not Insured in Part I

1. **We** do not insure **bodily injury** or **property damage** arising out of the ownership, maintenance or operation of **your insured car** while it is being used to carry persons or property for compensation or a fee, including but not limited to the pick up or delivery or return from a pick up or delivery of:

    a. Products;

    b. Documents;

    c. Newspapers; or

    d. Food.

    This exclusion does not apply to a share-the-expense car pool.

2. **We** do not insure **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured person**, whether or not any person intended to cause damage or injury of any nature.

3. **We** do not insure **bodily injury** or **property damage** with respect to which any person is insured under a nuclear energy insurance policy. This exclusion applies even if the limits of that policy are exhausted.

4. **We** do not insure **bodily injury** to an employee of an **insured person** arising in the course of employment. This exclusion does not apply to **bodily injury** to a domestic employee except when workers' compensation benefits are required or available for that domestic employee.

5. **We** do not insure **bodily injury** or **property damage** resulting from an **insured person's** employment, or other involvement, in the **business** or occupation of:

    a. transporting,

    b. selling,

## Personal Auto Policy (continued)

c. repairing,

d. servicing,

e. storing, or

f. parking

**cars**. This exclusion includes road testing and delivery of the **cars**.

6. **We** do not insure **bodily injury** or **property damage** resulting from the use of a **car** by an **insured person** in an emergency occupation on a full-time, part-time, or volunteer basis. Such occupations include, but are not limited to, fire-fighting, police or ambulance activities. However, this exclusion does not apply to a **car** listed on the **Declarations Page** or any **replacement car**.

7. **We** do not insure **property damage** to property:

a. owned by;

b. being transported by;

c. rented to; or

d. in the charge of

an **insured person**. This exclusion does not apply to **property damage** to a residence or private garage rented by that person.

8. **We** do not insure **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any motorized vehicle with less than four wheels.

9. **We** do not insure **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any **car**, other than **your insured car**, which is owned by, furnished or available for regular use by **you** or a **family member**.

10. **We** do not insure **bodily injury** to an **insured person** whenever the payment of **damages** for the **bodily injury** would benefit, directly or indirectly, an **insured person**.

This exclusion only applies to the **damages** that are in excess of the minimum limits of liability required by the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL).

11. **We** do not insure **bodily injury** or **property damage** resulting from liability assumed under any contract or agreement. This exclusion does not apply to liability **you** assume in a written contract relating to the use of a **rental car** or a **substitute car**.

12. **We** do not insure **bodily injury** or **property damage** resulting from an **insured person** participating in, or **your insured car** being used, in any racing, speed, demolition, stunt or performance driving contest, demonstration, instruction or activity, or in practice or preparation for

any such activity or while operating on a driving track designed for racing or high performance driving.

13. **We** do not insure charges, fees and administrative expenses for services performed by law enforcement and municipal personnel when responding to an **accident**.

14. **We** do not insure **bodily injury** or **property damage** for any **insured person** who is using a **car** without a reasonable belief the **insured person** is entitled to do so. This exclusion does not apply to a **family member** using **your insured car** that is owned by **you**.

15. **We** do not insure loss due to theft or conversion of **your insured car**, a **non-owned car**, or trailer:

a. By **you**, a **family member**, or any resident of **your** household;

b. Prior to its delivery to **you** or a **family member**; or

c. While in the care, custody, or control of anyone engaged in the **business** of selling the **car** or trailer.

16. **We** do not insure **bodily injury** or **property damage**:

a. Caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with or convicted of a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations;

b. Arising out of the use or operation by an **insured person** of any **car** while it is being used to flee a law enforcement agent or crime scene.

17. **We** do not insure **bodily injury** or **property damage** for any **accident** that occurs while **your insured car** or any **car** is being used in a **Personal Car Sharing Program**, a **Commercial Ridesharing Program**, any **prearranged ride**, or a similar arrangement.

E. **Limits of Liability**

The limits of liability shown on **your Declarations Page** apply subject to the following:

1. The **bodily injury** liability limit for "Each Person" is the maximum for **bodily injury** sustained by one person in one **accident**. All claims of others derived from such **bodily injury**, including but not limited to, emotional injury, mental anguish, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death are included in the "Each Person" limit.

2. Subject to the **bodily injury** liability limit for "Each Person", the **bodily injury** liability limit for "Each Accident" is the maximum combined amount for **bodily injury** sustained by two or more persons in one **accident**.

## Personal Auto Policy (continued)

3. The **property damage** liability limit for "Each Accident" is the maximum for all **property damage** sustained to all property in any one **accident**.

4. The limits of liability shown on the **Declarations Page** for **bodily injury** and **property damage** are the most **we** will pay regardless of the number of:
   a. Claims made;
   b. **Your insured cars**;
   c. **Insured persons**;
   d. Lawsuits brought;
   e. **Cars** involved in the **accident**; or
   f. Premiums paid.

5. If the **Declarations Page** shows that a combined single limit or "CSL" applies, the amount shown is the most **we** will pay for all **bodily injury** and **property damage** resulting from any one **accident** regardless of the number of:
   a. Claims made;
   b. **Your insured cars**;
   c. **Insured persons**;
   d. Lawsuits brought;
   e. **Cars** involved in the **accident**; or
   f. Premiums paid.

   All claims of others derived from such **bodily injury**, including, but not limited to, emotional injury, mental anguish, loss of society, loss of companionship, loss of services, loss of consortium and wrongful death are included in the "CSL" limit.

6. No person is entitled to duplicate payments for the same elements of **damages** from this policy or any other policy. Any amount payable to a person for liability coverage shall be reduced by all sums paid or payable to that person or for their benefit under any uninsured or underinsured motorist coverage, medical payments coverage, or physical damage coverage.

7. Stacking or aggregation of liability coverage limits for **bodily injury** or **property damage** is not permitted by this policy.

F. **Legal Action Against Us**
   1. Under **Part I - Liability Coverage**, no legal action may be brought against **us** until:
      a. **We** agree in writing that the **insured person** has an obligation to pay; or
      b. The amount of that obligation has been finally determined by judgment after trial.

2. No person or organization has any right under this policy to bring **us** into any action brought to determine the liability of an **insured person**.

G. **Conformity with Financial Responsibility Laws**

When **we** certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by law.

H. **Out of State Coverage**
   1. If an **accident** to which this policy applies occurs in any state or province other than the one in which **your insured car** is principally garaged, and if a statute of that **accident** state or province that is applicable to **us** deems out-of-state vehicle liability policies issued by **us** to provide particular forms or limits of coverage not provided for in this policy when **your insured car** is involved in an **accident** in that state, then for purposes of that **accident** only, **we** will interpret **your** policy as providing the additional minimum coverage(s) deemed to be provided, at the minimum amounts permitted by law, and subject to the exclusions set forth in this policy.

   2. **Our** obligation to pay such coverage shall be reduced by all other available insurance, to the extent permitted by the law of the other state.

   3. Nothing contained herein constitutes a choice of law provision or consents to the application of the law of any particular state or province.

I. **Other Insurance**
   1. If there is other applicable auto liability insurance on any other policy that applies to an **accident** insured under Part I, **we** will pay only **our** share. **Our** share is the proportion that **our** limits of liability bear to the total of all applicable limits. However, the total amount payable among all such policies will not exceed the limits provided by the single policy with the highest limits of liability.

   2. Any insurance **we** provide under this policy for a **non-owned car** shall be excess over any other collectible insurance. The highest limits of liability shown on the **Declarations Page** of this policy for any one **your insured car** will apply.

## Part II - Uninsured Motorist and Underinsured Motorist Coverage

**Uninsured Motorist Bodily Injury**
**Underinsured Motorist Bodily Injury**

A. **Insuring Agreement - Uninsured Motorist Bodily Injury Coverage**

## Personal Auto Policy (continued)

If **you** pay **us** the premium when due for this coverage, **we** will pay for **damages** an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by an **insured person**, caused by an **accident**, and arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

**We** will pay under Part II only after the limits of liability under all liability policies applicable to an **uninsured motor vehicle** have been exhausted by payment of judgments or settlements.

### B. Insuring Agreement - Underinsured Motorist Bodily Injury Coverage

If **you** pay **us** the premium when due for this coverage, we will pay for damages an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured person**, caused by an **accident**, and arising out of the ownership, maintenance or use of an **underinsured motor vehicle**.

**We** will pay under Part II only after the limits of liability under all liability bonds and policies applicable to an **underinsured motor vehicle** have been exhausted by payment of judgments or settlements.

No judgment for **damages** arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on **us** unless **we** have:

1. Received reasonable notice of the filing of the lawsuit resulting in the judgment; and
2. Had a reasonable opportunity to protect **our** interests in the lawsuit.

An **insured person** must notify **us** in writing at least thirty (30) days before entering into any settlement with the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, or that person's liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, an owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**.

If **we** do this, the **insured person** shall assign to **us** all rights that **insured person** has against the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle**, to the extent of **our** payment.

### C. Additional Definitions Used in This Part Only

1. **Insured person** means:
   a. **You**, any **family member** or any other person listed as an additional driver on the **Declarations Page**;
   b. Any other person while **occupying your insured car**, provided the actual use or occupancy thereof is with the permission of the **named insured**; and
   c. Any person entitled to recover **damages** for **bodily injury** covered under Part II of this policy sustained by a person meeting the definition of an **insured person** in 1.a. or 1.b. above.

   **Insured person** does not mean:

   Any person while operating a **car** that is available for hire or while using a **car** that is part of a **Personal Car Sharing Program**, a **Commercial Ridesharing Program** or a similar arrangement.

2. **Underinsured motor vehicle** means a land motor vehicle or trailer of any type to which a **bodily injury** liability policy applies at the time of the **accident** but the sum of all applicable limits of liability for **bodily injury** is less than the full amount that an **insured person** is legally entitled to recover as **damages**.

   However, an **underinsured motor vehicle** does not include:
   a. A land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle;
   b. Any vehicle or equipment designed mainly for use off public roads, while not on public roads;
   c. A vehicle owned by or furnished for the regular or frequent use of an **insured person** or any member of the household of the **insured person**;
   d. Any vehicle or equipment to which coverage under Part I applies; or
   e. Any vehicle or equipment that is an **uninsured motor vehicle**.

3. **Uninsured motor vehicle** means a land motor vehicle or trailer of any type:
   a. For which no liability policy or bond applies at the time of the **accident**;
   b. To which a liability policy applies at the time of the **accident** but the insuring company:
      (1) Denies coverage;
      (2) Refuses to admit coverage except conditionally or with reservation; or

## Personal Auto Policy (continued)

(3) Is or becomes insolvent, declared bankrupt, or subject to the appointment of a receiver within six (6) years after the **accident** occurs;

c. Which is a hit and run vehicle whose owner or operator cannot be identified and which hits or which causes an **accident** resulting in **bodily injury** without hitting:

(1) **You** or any **family member**;

(2) A vehicle which **you** or any **family member** are **occupying**; or

(3) **Your insured car.**

If there is no contact with the hit and run vehicle, the facts of the **accident** must be proved, and the **insured person** or someone on his or her behalf must file a police report and notify **us** within thirty (30) days, or as soon as practicable thereafter, that the **insured person** has a cause of action arising out of such **accident**.

However, **uninsured motor vehicle** does not include any vehicle:

a. Owned by an **insured person** or furnished or available for the regular use of an **insured person**;

b. Owned or operated by a self-insurer except a self-insurer which becomes insolvent;

c. Operated on rails or crawler treads or while located for use as a residence or premises;

d. Designed mainly for use off public roads, while not on public roads;

e. That is an **underinsured motor vehicle**; or

f. For which coverage under Part I applies.

D. **Limits of Liability**

1. The limit of Uninsured Motorist and Underinsured Motorist Coverage shown on the **Declarations Page** is the most **we** will pay regardless of the number of:

a. **Insured person(s);**

b. Claims made;

c. **Cars** or premiums shown on the **Declarations Page;**

d. **Cars** involved in the **accident**; or

e. Premiums paid.

E. **Non-Stacked Limit of Liability**

If **you** have selected non-stacked coverage under this Part II, the following shall also apply:

If the **Declarations Page** shows that a split limit applies:

1. The limit of liability shown on the **Declarations Page** for each person for Uninsured/Underinsured Motorist

Coverage is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, including all claims of others derived from such **bodily injury**, which include, but are not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of consortium, loss of services, loss of companionship, or injury to any personal relationship. **Bodily injury** to any one person includes all injury and **damages** to others resulting from this **bodily injury**.

2. Subject to this limit for each person, the limit of liability shown on the **Declarations Page** for each **accident** for Uninsured/Underinsured Motorist Coverage is **our** maximum limit of liability for all **damages** for **bodily injury** resulting from any one **accident**.

3. If the **Declarations Page** shows that a "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all **damages** resulting in any one **accident**. This is the most **we** will pay regardless of the number of:

a. **Insured person(s);**

b. Claims made;

c. **Cars** or premiums shown on the **Declarations Page;** or

d. **Cars** involved in the **accident**.

4. In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked, unless **you** have purchased stacked coverage limits, as shown on **your Declarations Page**, to determine the limit of insurance coverage available as Uninsured Motorist Coverage or Underinsured Motorist Coverage benefits.

F. **Limits of Liability Applicable to Both Stacked and Non-Stacked Coverage**

In determining the amount payable under this Part II the amount of **damages** that an **insured person** is entitled to recover for **bodily injury** will be reduced by all sums:

1. Paid or payable because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible. This includes all payments made to an **insured person's** attorney either directly or as part of the payment made to the **insured person**; and

2. Paid or payable because of **bodily injury** under any disability benefits law, or a similar law, except a workers' compensation law.

## Personal Auto Policy (continued)

However, if an **insured person** enters into a settlement agreement for an amount less than the sum of the limits of liability under all applicable **bodily injury** liability bonds and policies, **our** limit of liability for Underinsured Motorist Coverage shall not exceed the difference between the **damages** sustained by the **insured person** and the sum of the applicable **bodily injury** liability limits.

3. The limits of liability under this Part II shall be reduced by all sums paid under **Part I - Liability Coverage**.

4. No one will be entitled to duplicate payments for the same elements of **damages**.

5. If multiple auto policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

G. **Stacked Limit of Liability**

If **you** have selected stacked coverage under this Part II, the following shall also apply to **bodily injury** sustained by **you** or a **family member**:

1. If **bodily injury** is sustained in an **accident** by **you** or any **family member**, the limit of liability shall be the limit available under Non-Stacked Limits of Liability described above and the limits shown on the **Declarations Page** multiplied by the number of **your insured cars** that are not listed on the **Declarations Page**.

2. If **you** or a **family member** sustain **bodily injury** while not **occupying your insured car**, the limit of liability shall be the limit shown on the **Declarations Page** multiplied by the number of **your insured cars**. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part I or Part II of this policy.

3. **We** will not make a duplicate payment under this coverage for any element of **damage** for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

4. Stacked Limits of Liability shall not increase the limit of liability applicable to any **insured person** other than **you** or a **family member**. The non-stacked limits of liability will apply to any **insured person** other than **you** or a **family member**. As with non-stacked limits, the limit of liability for each person is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, including all claims of others derived from such **bodily injury**, which include, but are not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of consortium, loss of services, loss

of companionship, or injury to any personal relationship. **Bodily injury** to any one person includes all injury and **damages** to others resulting from this **bodily injury**.

H. **Exclusions - What is Not Insured in Part II**

Coverage under Part II does not apply:

1. If the **insured person** or their legal representative settles or prosecutes to a judgment a claim for **bodily injury** without **our** consent. However, this exclusion does not apply if such settlement does not adversely affect **our** rights.

2. To **bodily injury** arising out of the ownership, maintenance or operation of **your insured car** while it is being used to carry persons or property for compensation or a fee, including but not limited to the pick up or delivery or return from a pick up or delivery of:
   a. Products;
   b. Documents;
   c. Newspapers; or
   d. Food.

   This exclusion does not apply to a share-the-expense car pool.

3. To **bodily injury** when an **insured person** is using a **car** without a reasonable belief that the person is entitled to do so.

4. To **bodily injury** sustained by **you** or any **family member** while **occupying** or when struck by any **car** owned by **you** or any **family member** which is not insured for this coverage under this policy under any similar form. This includes a trailer of any type used with that **car**.

5. To **bodily injury** sustained by a **family member** who does not own a **car** while **occupying** or when struck by, any **car you** own which is insured for this coverage on a primary basis under any other policy.

6. Directly or indirectly to benefit any insurer or self-insurer under any disability benefits law, or a similar law, except a workers' compensation law.

7. To any claim for punitive, exemplary, multiple damages, fines, penalties, or restitution.

8. To noneconomic loss sustained by any **insured person** to whom the limited tort alternative applies, resulting from **bodily injury** caused by an **accident** involving an **uninsured motor vehicle** or an **underinsured motor vehicle**, unless the **bodily injury** sustained is a serious injury. This exclusion does not apply if an **insured person** is injured while **occupying** a **car** insured under a commercial motor vehicle insurance policy.

## Personal Auto Policy (continued)

9.  To **bodily injury** for any **accident** that occurs while **your insured car** or any **car** is being used in a **Personal Car Sharing Program**, a **Commercial Ridesharing Program**, any **prearranged ride**, or a similar arrangement.

I.  **Other Insurance**

1.  If there is other applicable similar insurance available under more than one policy or provision of coverage:

    The following priorities of recovery apply:

    a.  First, the uninsured motorist or underinsured motorist coverage applicable to the **car** the **insured person** was **occupying** at the time of the **accident**.

    b.  Second, the policy affording uninsured or underinsured motorist coverage to the **insured person** as a **named insured** or **family member**.

    c.  If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

2.  If non-stacked coverage is shown on the **Declarations Page**, the following provisions also apply:

    a.  When there is insurance available under the First priority:

        (1) The limit of liability applicable to the **car** the **insured person** was **occupying**, under the policy in the First priority, shall first be exhausted; and

        (2) The maximum recovery under all policies in the Second priority may equal but not exceed the highest applicable limit of liability for UM/UIM for any one **car** under any one policy providing coverage to **you** or any **family member**.

    b.  When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest limit of any one **car** under any one policy.

3.  **We** will not pay for any **damages** which would duplicate any payment made for **damages** under other insurance.

J.  **Arbitration**

1.  If **we** and an **insured person** do not agree:

    a.  Whether that **insured person** is legally entitled to recover **damages**;

    b.  As to the amount of **damages** which are recoverable by that **insured person**;

from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If the parties cannot agree upon an arbitrator within 30 days, or if the two arbitrators cannot select a third arbitrator, either party may request that selection of an arbitrator be made by a judge of a court having jurisdiction.

2.  Each party will:

    a.  Pay the expenses it incurs; and

    b.  Bear the expenses of the third arbitrator equally.

## Part III - First Party Benefits Coverage

**First Party Benefits Coverage**

A.  **Insuring Agreement - Basic First Party Benefit**

**We** will pay, in accordance with the **Act**, the Basic First Party Benefit to or for an **insured person** who sustains **bodily injury**. The **bodily injury** must be caused by an **accident** arising out of the maintenance or use of a **motor vehicle**. Subject to the limit shown on the **Declarations Page**, the Basic First Party Benefit consists of:

1.  Medical expenses. **Reasonable expenses** and **necessary medical services** incurred for an **insured person's**:

    a.  Care;

    b.  Recovery; or

    c.  Rehabilitation.

    This includes remedial care and treatment rendered in accordance with a recognized religious method of healing. Medical expenses will be paid if incurred within 18 months from the date of the **accident** causing **bodily injury**.

    However, if within 18 months from the date of the **accident**, it can be determined with reasonable medical probability that additional expenses may be incurred after this period, the 18 month time limit will not apply to the payment of the additional medical expenses.

B.  **Insuring Agreement - Added First Party Benefits**

If the **Declarations Page** indicates that Added First Party Benefits apply, **we** will pay Added First Party Benefits instead of the Basic First Party Benefit to or for an **insured person** who sustains **bodily injury**. The **bodily injury** must be

## Personal Auto Policy (continued)

caused by an **accident** arising out of the maintenance or use of a **motor vehicle**. These benefits are subject to the provisions of the **Act**.

Subject to the limits shown on the **Declarations Page**, Added First Party Benefits consist of the following:

1. Medical expenses as described in the Basic First Party Benefit.
2. Work loss.
   a. Loss of income. Up to 80% of gross income actually lost by an **insured person** as a result of the **accident**.
   b. Reasonable expenses actually incurred to reduce loss of income by hiring:
      (1) Special help, thereby enabling an **insured person** to work; or
      (2) A substitute to perform the work a self-employed **insured person** would have performed.

   However, work loss does not include:
   a. Loss of expected income or expenses incurred for services performed after the death of an **insured person**; or
   b. Any loss of income, or expenses incurred for services performed, during the first five (5) working days the **insured person** did not work due to **bodily injury**.
3. Funeral expenses. Funeral or burial expenses actually incurred if **bodily injury** causes an **insured person's** death.
4. Accidental death. A death benefit paid if **bodily injury** causes the death of **you** or any **family member**. **We** will pay accidental death to the executor or administrator of the deceased **insured person's** estate. If there is no executor or administrator, the benefit shall be paid to:
   a. The deceased **insured person's** surviving spouse; or
   b. If there is no surviving spouse, the deceased **insured person's** surviving children; or
   c. If there is no surviving spouse or children, to the deceased **insured person's** estate.

C. **Insuring Agreement - Combination First Party Benefits**

If the **Declarations Page** indicates that Combination First Party Benefits apply, **we** will pay Combination First Party Benefits instead of the Basic First Party Benefit to or for an **insured person** who sustains **bodily injury**. The **bodily injury** must be caused by an **accident** arising out of the maintenance or use of a **motor vehicle**. These benefits are subject to the provisions of the **Act**.

**We** will only pay for expenses or loss incurred within three (3) years from the date of the **accident**.

Subject to the limits shown on the **Declarations Page**, Combination First Party Benefits consist of the following, as described in the Basic First Party Benefit and Added First Party Benefits:

1. Medical expenses.
2. Work loss.
3. Funeral expenses.
4. Accidental death.

D. **Insuring Agreement - Extraordinary Medical Benefits Coverage**

Limited Benefits: Extraordinary Medical Benefits Coverage provides coverage only for medical expenses.

**Warning**

**You** should be aware that Extraordinary Medical Benefits Coverage does not apply to the first $100,000 of medical expenses incurred by an **insured person**. **You** can avoid having to pay some of **your** own medical bills by purchasing Added First Party Benefits Coverage with a $100,000 limit of liability for medical expenses.

If the **Declarations Page** indicates that Extraordinary Medical Benefits Coverage applies, **we** will pay, in accordance with the **Act**, extraordinary medical benefits to or for an **insured person** who sustains **bodily injury**. The **bodily injury** must be caused by an **accident** arising out of the maintenance or use of a **motor vehicle**.

Subject to the limit shown on the **Declarations Page**, extraordinary medical benefits consist of reasonable and necessary medical expenses incurred for an **insured person's** care, recovery or rehabilitation. This includes remedial care and treatment rendered in accordance with a recognized method of healing.

Regardless of whether **you** have purchased Basic, Added or Combination First Party Benefits Coverage under this policy, **we** will pay extraordinary medical benefits only after $100,000 of medical expenses has been incurred by any one **insured person** as a result of any one **accident**.

**We** do not provide Extraordinary Medical Benefits Coverage for the first $100,000 of medical expenses incurred by an **insured person** as a result of an **accident**.

E. **Additional Definitions Used in This Part Only**

1. The **Act** refers to the Pennsylvania Motor Vehicle Financial Responsibility Law.

## Personal Auto Policy (continued)

2. **Bodily injury** means accidental bodily harm to a person and that persons resulting illness, disease or death.

3. **Insured person** as used in Part III means:

   a. **You** or any **family member**.

   b. Any other person while:

      (1) **Occupying your insured car**; or

      (2) Not **occupying** a **motor vehicle** if injured as a result of an **accident** in Pennsylvania involving **your insured car**.

   If **your insured car** is parked and unoccupied it is not a **motor vehicle** involved in an **accident** unless it is parked in a manner which creates an unreasonable risk of injury.

   **Insured person** does not mean:

   Any person while operating a **car** that is available for hire or while using a **car** that is part of a **Personal Car Sharing Program**, a **Commercial Ridesharing Program** or a similar arrangement.

4. **Motor vehicle** means a self-propelled vehicle operated or designed for use upon public roads.

   However, **motor vehicle** does not include a vehicle operated:

   a. By muscular power;

   b. On rails or tracks.

5. **Necessary medical services** mean treatment, accommodations, products or services which are determined to be necessary by a licensed health care provider unless they shall have been found or determined by a State-approved Peer Review Organization (PRO).

6. **Reasonable expenses** mean an amount for a medical service that is the lowest of:

   a. The charges that are usual among providers of similar **necessary medical services** in the region in which those services are provided;

   b. Any fee schedule and any protocols applicable to the type of **necessary medical services** that were provided in the State where the services were provided, including but not limited to, fee schedules applicable to no-fault benefits, personal injury protection benefits and medical payments coverage;

   c. The amount agreed upon between the **insured person's** medical provider and any third party concerning charges for medical expenses, if **we** have a contract with that third party;

   d. The fees that are agreed to by the medical provider and **us**;

   e. If applicable, the amount that Medicare paid to the **insured person's** health care provider for medical expenses; or

   f. The amount that the **insured person's** medical provider agreed to accept from the **insured person's** health insurance carrier.

7. **Your insured car** means a private passenger vehicle:

   a. To which Part I of this policy applies and for which a specific premium is charged; and

   b. For which First Party Benefits Coverage required by the **Act** is maintained.

      If **your insured car** is parked and unoccupied, it is not a **motor vehicle** involved in an **accident** unless it is parked in a manner which creates an unreasonable risk of injury.

F. **Exclusions That Apply to Part III - First Party Benefits Coverage**

   **We** do not provide First Party Benefits Coverage for **bodily injury**:

1. Sustained by any **insured person** while intentionally causing or attempting to cause **bodily injury** to himself or any other person.

2. Sustained by any **insured person** while committing a felony.

3. Sustained by any **insured person** while seeking to elude lawful apprehension or arrest by a law enforcement official.

4. Sustained by any **insured person** while maintaining or using a **motor vehicle** knowingly converted by that **insured person**. However, this exclusion does not apply to **you**.

5. Sustained by any **insured person** who, at the time of the **accident**, is:

   a. The owner of one or more registered **motor vehicles**, none of which have in effect the financial responsibility required by the **Act**; or

   b. **Occupying** a **motor vehicle** owned by that **insured person** for which the financial responsibility required by the **Act** is not in effect.

6. Sustained by any **insured person** maintaining or using a **motor vehicle** while located for use as a residence or premises.

7. Sustained by any **insured person** while **occupying** a:

   a. Recreational vehicle designed for use off public roads; or

   b. Motorcycle, moped or similar-type vehicle.

## Personal Auto Policy (continued)

8. Sustained by a pedestrian if the **accident** occurs outside of Pennsylvania. However, this exclusion does not apply to **you** or any **family member**.

9. Caused by or as a consequence of:
   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. Nuclear reaction;
    b. Radiation; or
    c. Radioactive contamination.

11. Sustained while **your insured car** or any **car** is being used in a **Personal Car Sharing Program**, a **Commercial Ridesharing Program**, any **prearranged ride**, or a similar arrangement.

12. Arising out of the ownership, maintenance or operation of **your insured car** while it is being used to carry persons or property for compensation or a fee, including but not limited to the pick up or delivery or return from a pick up or delivery of:
    a. Products;
    b. Documents;
    c. Newspapers; or
    d. Food.

    This exclusion does not apply to a share-the-expense car pool.

13. Sustained while **occupying** a **car** other than a **car** listed on the **Declarations Page** while the **car** is being used in the **business** of an **insured person**.

G. **Limits of Liability**

1. The limits of liability shown on the **Declarations Page** for the First Party Benefits that apply are the most **we** will pay to or for each **insured person** as the result of any one **accident**, regardless of the number of:
   a. Claims made;
   b. **Cars** or premiums shown on the **Declarations Page**;
   c. **Cars** involved in the **accident**; or
   d. Insurers providing First Party Benefits.

2. If Combination First Party Benefits are afforded, **we** will make available at least the minimum limit required by the **Act** for the Basic First Party Benefit. This provision will not change **our** maximum limit of liability.

3. Any amounts payable under Part III shall be excess over any amounts:
   a. Paid;
   b. Payable; or
   c. Required to be provided;
   to an **insured person** under any workers compensation law or similar law.

4. The limit of liability shown on the **Declarations Page** for Extraordinary Medical Benefits Coverage is the most **we** will pay to or for each **insured person** as the result of any one **accident**, regardless of the number of:
   a. Claims made;
   b. **Cars** or premiums shown on the **Declarations Page**;
   c. **Cars** involved in the **accident**; or
   d. Insurers providing Extraordinary Medical Benefits.

5. Extraordinary medical benefits are subject to an annual limit of $50,000 for each **insured person**. However, this limit does not apply to medical expenses incurred within 18 months from the date the **insured person** incurs $100,000 of medical expenses as a result of the **accident**.
   a. Any amounts payable under this coverage shall be excess over any amounts available to an **insured person** for medical expenses under Basic, Added or Combination First Party Benefits Coverage.
   b. If an **insured person** is eligible for benefits under both this coverage and the Catastrophic Loss Trust Fund, the total recovery under Extraordinary Medical Benefits Coverage and the Catastrophic Loss Trust Fund combined shall not exceed $1,000,000. In no event will the amount payable under Extraordinary Medical Benefits Coverage exceed the limit of liability shown on the **Declarations Page**.

H. **Priorities of Policies**

1. **We** will pay First Party Benefits in accordance with the order of priorities set forth by the **Act**. **We** will not pay if there is another insurer at a higher level of priority. The First category listed below is the highest level of priority and the Fourth category is the lowest level of priority.

   The priority order is:
   a. First, the insurer providing benefits to the **insured person** as a **named insured**.
   b. Second, the insurer providing benefits to the **insured person** as a **family member** who is not a **named insured** under another policy providing coverage under the **Act**.

## Personal Auto Policy (continued)

c. Third, the insurer of the **motor vehicle** which the **insured person** is **occupying** at the time of the **accident**.

d. Fourth, the insurer of any **motor vehicle** involved in the **accident** if the **named insured** is not:

   (1) **Occupying** a **motor vehicle**; and

   (2) Not entitled to First Party Benefits under any other automobile policy.

2. An unoccupied parked **motor vehicle** is not a **motor vehicle** involved in an **accident** unless it is parked in a manner which creates an unreasonable risk of injury.

3. If two or more policies have equal priority within the highest applicable priority level:

   a. The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is then entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If such contribution is sought among insurers under the Fourth priority, pro ration shall be based on the number of involved **motor vehicles**.

   b. If **we** are the insurer against whom the claim is first made, **our** payment to or for an **insured person** will not exceed the applicable limit of liability for First Party Benefits Coverage shown on the **Declarations Page**.

   c. The maximum recovery under all policies will not exceed the amount payable under the policy with the highest limit of liability.

I. **Other Insurance**

1. No one will be entitled to recover duplicate payments for the same elements of loss under this or any other similar automobile insurance including self-insurance.

2. Any amount payable under Part III shall be excess over any amounts paid, payable or required to be provided to an insured under any workers' compensation law or similar law.

## Part IV - Damage to Your Car

**Comprehensive**
**Collision**
**Towing and Road Service**
A. **Insuring Agreement**

1. **Comprehensive Coverage**

   Subject to the limits of liability, **we** will pay for a loss to **your insured car**, its **additional equipment** and any **non-owned car** caused by any direct, sudden and accidental means other than **collision**, less any applicable deductibles, if Comprehensive Coverage is shown on **your Declarations Page**. Any deductible amount will apply separately to each loss. If loss to more than one **your insured car** or **non-owned car** results from the same insured loss, only the lowest applicable deductible will apply.

   If breakage of glass results, **you** may elect to have it treated as loss caused by **collision**.

2. **Collision Coverage**

   Subject to the limits of liability, **we** will pay for loss to **your insured car**, its **additional equipment** and any **non-owned car** caused by any direct, sudden and accidental **collision**, less any applicable deductibles, if Collision Coverage is shown on **your Declarations Page**. Any deductible amount will apply separately to each loss. If loss to more than one **your insured car** or **non-owned car** results from the same **collision**, only the lowest applicable deductible will apply.

   In addition, **we** will pay, without applying the deductible, the reasonable cost to replace any child safety seat damaged in an **accident** to which this coverage applies.

   Notice: If **you** buy collision coverage, it does not apply to **cars** rented for a term of more than thirty (30) days. Any coverage provided for a rented **car** is excess to any other insurance. Read the definition of **non-owned car** for a description of the types of rented **cars** covered by this policy.

3. **Towing and Road Service Coverage**

   a. If **your Declarations Page** shows Towing and Road Service Coverage, then subject to a maximum limit of $150 for each disablement and subject to the Service Call Conditions and exceptions in this Insuring Agreement, if **your insured car** becomes disabled and **you** need help, **we** are providing **you** access to 24-hour toll-free assistance. Service includes

## Personal Auto Policy (continued)

the towing and labor costs related to a mechanical disablement for:

(1) Towing;

(2) Jump starts;

(3) Tire changes;

(4) Lock-out service; and

(5) Fluid delivery, including the cost of fuel, oil, water or other fluids. **We** will pay for the cost of fuel, once per **your insured car** per policy period.

b. Service Call Conditions are as follows:

(1) Towing to dislodge the **car** from its place of disablement must be within 100 feet of a public street or highway;

(2) Labor must be performed at the place of mechanical disablement;

(3) **We** do not pay for the cost of fuel that exceeds more than once per **your insured car** per policy period;

(4) **We** do not pay for the cost for tires, fuel, belts, keys, parts or tools associated with the service or labor being performed; and

(5) Any service costs in an amount in excess of **our** maximum per disablement limit must be paid directly to the service provider by **you** at the time of service.

c. Towing and Road Service Coverage does not apply to:

(1) recreational vehicles,

(2) motorhomes,

(3) towed **cars**,

(4) motorcycles, or

(5) stored **cars**

even if the **car** is considered to be **your insured car**.

B. **Additional Definitions Used in This Part Only**

1. **Actual Cash Value** means the fair and reasonable cash price for which property can be repaired or replaced in the marketplace at the time of loss. The price includes an allowance for depreciation, physical deterioration and obsolescence.

2. **Additional equipment** means any furnishing or **equipment** that is permanently attached to **your insured car** and common to its use, but is not the **car's** factory available furnishing or **equipment**.

a. This includes, but is not limited to:

(1) Any video, electronic sound reproducing or transmitting **equipment**, and its component

parts, media and data, including but not limited to DVD, Game System or MP3 player;

(2) Any painted, chrome or finished surface, whether refinished in whole or in part, of any **car** insured under this Part where the claim exceeds the cost of duplicating the **car's** factory applied surface finish;

(3) Tires, wheels, rims, spinners, grilles, louvers, side pipes, hood scoops or spoilers or any exterior surface, body or exhaust **equipment**, or modification thereto, which exceeds the cost of repairing or replacing the **car's** factory available **equipment**;

(4) Any engine, transmission or suspension parts, or modification thereto, which exceeds the cost of repairing or replacing the **car's** factory available **equipment**;

(5) GPS navigational systems;

(6) Special carpeting, insulation, wall paneling, furniture or bars;

(7) Facilities for cooking or sleeping including enclosures or bathroom facilities;

(8) Height-extending roofs; or

(9) Custom murals, paintings or other decals or graphics.

b. **Additional equipment** does not mean:

(1) **Additional equipment** not permanently installed that is designed for the reproduction of sound, or any radio receiving or radio receiving and transmitting **equipment**. This applies to such **equipment** as a tape player, tape recorder, citizens band radio and two-way mobile radio, telephone, television, or **equipment** designed or used for the detection or location of radar or laser. It also applies to any electronic device incorporating any of this **equipment**, as well as accessories, component parts and antennae;

(2) Tapes, discs, records, reels, cassettes, cartridges, media, data, carrying cases or other devices for the use with **equipment** designed to reproduce, record, receive, play or transmit audio, visual or data signals;

(3) A camper body or trailer;

(4) Awnings, cabanas, or **equipment** designed to create additional living facilities;

(5) Wear and tear losses to **additional equipment** including, but not limited to:

**Personal Auto Policy** (continued)

(a) scorching,

(b) marring,

(c) scratching, or

(d) breakage, except breakage to glass permanently attached to **your insured car** or breakage of internal **additional equipment**, whether attached or not; or

(6) Newly acquired **additional equipment** unless **you** report such items to **us** within thirty (30) days after **you** have taken delivery and **we** agree to provide coverage.

3. **Collision** means the upset of **your insured car** or **non-owned car** or its impact with another **car** or object. **Collision** does not mean loss caused by or due to:

a. Missiles;

b. Falling objects;

c. Fire;

d. Theft or larceny;

e. Explosion;

f. Earthquake;

g. Windstorm;

h. Hail, water or flood;

i. Malicious mischief or vandalism;

j. Riot or civil commotion;

k. Colliding with a bird or animal; or

l. Breakage of glass.

4. **Diminution in value** means the actual or perceived loss in market or resale value that results from a sudden, direct and accidental loss.

5. **Equipment** means **equipment** permanently attached to **your insured car** and common to its use.

6. **Household Pet** means a fully domesticated animal owned by **you** for personal companionship, such as a dog, a cat, a reptile, a bird or a rodent. **Household Pet** does not include any type of horse, cow, pig, sheep, goat, chicken, turkey, or captive fur-bearing animal, or any animal commonly kept for food or profit.

7. **Like kind and quality parts** means parts similar in type, condition and quality to those parts made for or by the original **car** manufacturer. These parts may be made for or by the original **car** manufacturer or may come from other sources such as manufacturers or suppliers of rebuilt parts, quality recycled (used) parts suppliers and non-original **equipment** manufacturers.

C. **Supplementary Payments**

1. **Transportation Expense Due to Theft**

   If **your** Declarations Page shows Comprehensive Coverage, **we** will pay for transportation expenses incurred by **you** because of the total theft of **your insured car**. **We** will pay up to $30 per day, but no more than $900 each loss. This coverage begins 48 hours after the theft has been reported to **us** and to the police and ends when the **car** is returned to use or when **we** offer settlement for the loss.

2. **Clothing or Luggage**

   **We** will pay up to, but not more than, $200 for loss of clothing or luggage in **your insured car** and belonging to **you** or a **family member** if the loss is caused by:

   a. **Collision** of **your insured car**, if Collision Coverage is shown on **your** Declarations Page;

   b. Fire, lightning, flood, earthquake, explosion, falling aircraft, or the entire theft of **your insured car**; if loss occurs to **your insured car** from the same cause and Comprehensive Coverage is shown on **your** Declarations Page.

3. **Household Pets**

   a. If **your** Household Pets are inside **your insured car** during a total theft and Comprehensive Coverage is shown on **your** Declarations Page for that **your insured car**, **we** will pay reasonable amounts up to $600 for the loss of any and all such **Household Pets** because of that covered total theft loss.

   b. If **your** Household Pets are inside of **your insured car** at the time of a loss due to **collision**, and Collision Coverage is shown on **your** Declarations Page for that **your insured car**, **we** will pay reasonable amounts up to a total of $600 for the veterinary care, burial, and/or disposal of all such **Household Pets** arising out of their injury or death during an insured loss.

D. **Exclusions - What is Not Insured in Part IV**

   **We** do not insure loss:

1. Arising out of the ownership, maintenance or operation of **your insured car** or **non-owned car** while it is being used to carry persons or property for compensation or a fee, including but not limited to the pick up or delivery or return from a pick up or delivery of:

   a. Products;

   b. Documents;

## Personal Auto Policy (continued)

c. Newspapers; or

d. Food.

This exclusion does not apply to a share-the-expense car pool.

2. Caused by:

a. war (declared or undeclared);

b. civil war;

c. insurrection;

d. rebellion;

e. revolution;

f. nuclear radiation exposure or contamination;

g. radioactive contamination or exposure;

h. biological contamination, exposure or attack; or

any consequence of any of these.

3. Caused by theft to **equipment** designed for the reproduction of sound, or any radio receiving or radio receiving and transmitting **equipment**.

a. This applies to such **equipment** as a tape player, tape recorder, citizens band radio and two-way mobile radio, telephone, television, or **equipment** designed or used for the detection or location of radar or laser.

b. It also applies to any electronic device incorporating any of this **equipment**, as well as accessories and antennas.

c. This exclusion does not apply to that **equipment** which is permanently installed in **your insured car**.

4. Consisting of the theft of tapes, records, reels, cassettes, cartridges, discs, carrying cases or other devices for use with **equipment** designed for the reproduction of sound.

5. To a **utility trailer** owned by **you** or a **family member** and not listed on the **Declarations Page**. But, coverage does apply to a **utility trailer** ownership of which **you** acquire during the policy period if **you** ask **us** to insure it within thirty (30) days after **you** acquire it.

6. Due and confined to:

a. wear and tear;

b. freezing; or

c. mechanical or electrical breakdown or failure.

This exclusion does not apply if damage results from the total theft of **your insured car** or the burning of wiring.

7. To permanently attached or detachable camper body, slide-on camper, tonneau covers, or a camper shell.

8. To **your insured car** or **non-owned car** due to increased cost of repair or replacement of the following furnishings or equipment:

a. Special carpeting, insulation, wall paneling, furniture or bars;

b. Dining, kitchen and sleeping facilities including enclosures or bathroom facilities;

c. Height-extending roofs;

d. Murals, special paint and/or methods of painting, decals or graphics.

9. Due to lack of routine maintenance including but not limited to lack of lubricant, coolant, or loss resulting from seepage of water.

10. To any **non-owned car** being maintained or used by any person while employed or otherwise engaged in the **business** of:

a. selling,

b. repairing,

c. servicing,

d. storing, or

e. parking

**cars**. This includes the road testing and delivery of any **non-owned car**.

11. Resulting from an insured person participating in, or **your insured car** or **non-owned car** being used in racing, speed, demolition, stunt or performance driving contest, demonstration, instruction or activity, or in practice or preparation for any such activity or while operating on a driving track designed for racing or high performance driving.

12. Caused by or consisting of mold, fungi or bacteria regardless of the factors causing or contributing to its growth.

13. Due to theft or conversion of **your insured car**:

a. By **you**, a **family member** or any resident of **your** household;

b. Prior to its delivery to **you** or a **family member**; or

c. While in the care, custody or control of anyone engaged in the **business** of selling **cars**.

14. From theft or unlawful conversion by any person after custody of **your insured car** has been entrusted to another party for the purpose of selling or leasing **your insured car**.

15. To tires, unless caused by fire, malicious mischief, vandalism, theft, or unless the damage occurs at the same time and from the same cause as other covered damage.

16. Caused intentionally by, or at the direction of, an insured person, whether or not such person intended to cause

## Personal Auto Policy (continued)

damage of any nature. However, this exclusion does not apply to a loss to **your insured car** to the extent of the legal interest of **you** or a **family member** who:

  a.  Sustains the loss as the result of family violence by:

    (1)  **You**,

    (2)  A **family member**,

    (3)  A former spouse or person who entered into a civil union with the **named insured**, or

    (4)  Any person who resides in or has resided in **your** household;

  b.  Did not direct, participate in, or consent to the intentional act causing the loss; and

  c.  Filed a family violence complaint against the person who caused the violence resulting in the loss.

17.  Due to destruction or confiscation by governmental or civil authorities.

18.  To any **non-owned car** with less than four wheels.

19.  To **Household Pets** that are injured or die from heat, dehydration, or exposure to weather or to other animals from any covered loss under Part IV.

20.  To **car** parts and **equipment** that are illegal. There is also no coverage for parts and **equipment** that are installed at a location on the insured **car** that would make the use of such parts or **equipment** illegal. However, **we** will pay for the legal version of such parts or **equipment** if they are necessary for the safe operation of the insured **car**.

21.  To **your insured car** or any **car** while that **car** is being used in a **Personal Car Sharing Program**, a **Commercial Ridesharing Program**, any **prearranged ride**, or a similar arrangement.

22.  To **your insured car** due to **diminution in value**.

23.  To **your insured car** while it is leased or rented to others.

### E.  Additional Duties for Part IV - Damage to Your Car

In addition to the terms and conditions of this policy a person seeking coverage under Part IV of this policy must also comply with the following provisions:

1.  Take reasonable steps after loss to protect **your insured car**, or any **non-owned car**, and its **equipment** from further loss. **We** will pay reasonable expenses incurred to do this.

2.  Notify the police within 24 hours or as soon as practicable if **your insured car** or any **non-owned car** is stolen.

3.  Permit **us** to inspect and appraise the damaged property before it is repaired or disposed of.

### F.  Payment of Loss

1.  **We** will pay the loss in money, or repair or replace damaged or stolen property.

  a.  **We** may, at any time before the loss is paid or the property is replaced, return, at **our** expense, any stolen property either to **you** or to the address shown on the **Declarations Page** with payment for the resulting damage.

  b.  **We** may keep all or part of the property at the agreed or appraised value.

  c.  If **we** pay for loss in money, **our** payment will include, where required by law, the applicable sales tax and fees for the damaged or stolen property.

2.  **We** may settle any loss with **you**, the owner, or the lienholder of the property shown on the **Declarations Page**.

### G.  Limits of Liability

1.  **Our** limits of liability for an insured loss to **your insured car**, **non-owned car** or its **equipment** will not exceed the cost that is necessary to repair or replace the damaged or stolen property or parts with **like kind and quality parts** less an adjustment for physical deterioration and depreciation. The limits are also subject to all other adjustments set forth in this section.

2.  The cost to repair or replace will be calculated based on the lowest of:

  a.  The **Actual Cash Value** of the stolen or damaged property at the time of the loss, reduced by the applicable deductible; or

  b.  The amount necessary to repair or replace the stolen or damaged property, reduced by the applicable deductible.

Any amount payable by **us** to repair or replace damaged property or parts will be reduced by the cost of labor, parts, and materials to repair prior damage, deterioration and defects to the property or parts that had not been repaired prior to the loss.

3.  The limits of liability shall be reduced by any amount of loss that has been paid under any other insurance that insured this same loss.

4.  The most **we** will pay for:

  a.  Loss to a **utility trailer** not owned by **you** or a **family member** is $500;

  b.  Loss to **additional equipment** is a total of $1,000 for repair or replacement for any one loss, unless indicated otherwise on the **Declarations Page**.

## Personal Auto Policy (continued)

Multiple items of **additional equipment** lost or damaged in the same event are considered to be one loss;

c. Loss to **Household Pets** for any one insured loss is $600 regardless of how many **Household Pets** were stolen, injured or killed as a result of that insured loss.

5. **We** will pay reasonable and necessary storage costs for **your insured car**, its **equipment** and **additional equipment** following an insured loss.

6. If **you** purchased coverage for **additional equipment** that is identified on a Customization Report, **our** limits of liability for loss to that covered **additional equipment** shall be the lesser of:

a. The amount of coverage shown on the Customization Report;

b. The **Actual Cash Value** of the stolen or damaged **additional equipment**; or

c. The amount necessary to repair or replace that stolen or damaged **additional equipment**.

The amount **you** receive will not include any reduction in the value of that **additional equipment** after it has been repaired, as compared to the value before it was damaged.

7. If repair or replacement results in better than **like kind and quality parts**, **we** will not pay for the amount of the betterment. Betterment for which **you** will be responsible includes the value relating to the increase in the useful life of replaced parts that have a limited useful life and the increase in value from the repair of the prior damage. Any deductions that **we** take for betterment will be taken only for parts or a specific repair process normally subject to repair or replacement during the useful life of **your insured car**. Deductions will be limited to an amount equal to the proportion that the expired life of the part or specific repair process to be repaired or replaced bears to the normal useful life of that part or repair process.

8. If a loss to auto safety glass is repaired rather than replaced, the deductible applying to this coverage is waived. If the auto safety glass is replaced, the deductible applying to this coverage will remain in force.

9. Any payment **we** make will be reduced by the value of the salvage when **you** or the owner of the **car** retains the salvage.

10. No one will be entitled to duplicate payments for the same elements of loss.

11. Payments for loss covered under Part IV are subject to no more than one deductible for any one insured loss. If two or more deductibles apply to any one insured loss, only the lowest deductible will apply.

12. A **car** and attached **utility trailer** for which coverage is provided under this Part are considered one **your insured car**, and for any insured loss to such **car you** will only pay one applicable deductible.

### H. Preservation of Salvage

If **we** retain the salvage after a loss, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

### I. No Benefit to Bailee

This coverage shall not directly or indirectly benefit any carrier or other bailee for hire.

### J. Legal Action Against Us

No legal action related to this policy or the claims that **you** have presented may be brought against **us** under Part IV unless filed within two (2) years of the date of the **accident**.

### K. Other Insurance

If other insurance also insures the loss, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable insurance, self-insurance, and/or protection limits or amounts regardless of source. However, any insurance **we** provide with respect to a **rental car**, **substitute car**, or non-owned **utility trailer** shall be excess over any other collectible insurance, self-insurance, and any other source of recovery applicable to the loss.

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance being provided under Part IV of this policy, the total amount payable among all such policies shall not exceed the limit of liability of the single policy providing the highest limit of liability.

### L. Appraisal

If **we** and **you** do not agree on the amount of loss, then **we** and **you** may agree to an appraisal of the loss. If **we** and **you** agree to an appraisal, each party will select a competent appraiser and notify the other party in writing of the appraiser's identity within thirty (30) days of the request for appraisal. The two appraisers will select an umpire. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A written decision agreed to by any two will be binding.

Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

## Personal Auto Policy (continued)

**We** and **you** do not waive any of **our** rights under this policy by agreeing to an appraisal.

## Part V - Duties After an Accident and General Conditions

### A. Duties After an Accident

In addition to the terms and conditions of this policy, an insured person claiming any coverage under any Part of this policy must:

1. Upon **our** request at any time before or during the policy term, make any **car**, or **utility trailer** that **you** insure or intend to insure available for inspection by **us** to the extent permitted by law.

2. Refrain from voluntarily making any payment, assuming any obligation, or incurring any expenses except for bail bonds and first aid expenses for others.

3. Report all theft losses to the police within 24 hours or as soon as reasonably practicable.

4. As soon as reasonably practicable, inform **us** of any **accident** or loss and of all details, including the date and time it occurred, the location where it occurred, the facts and circumstances of the **accident**, the identity of persons involved, the license plate information of the **cars** involved, and injury and witness information.

5. Protect **your insured car** from further loss. **We** will pay reasonable expenses to guard against further loss. If **you** don't protect **your insured car**, further loss is not covered.

6. Cooperate with **us** and assist **us** in the investigation and settlement of any claim or defense of any claim or lawsuit. If **we** ask, that insured person must also help **us** obtain payment from anyone who may be jointly responsible for the **accident**.

7. Allow **us** to inspect and appraise the damaged property before it is repaired, destroyed or discarded.

8. Allow **us**, with **your** consent, to move **your insured car**, at **our** expense, to a storage facility of **our** choice. If **you** do not give **us your** consent, **we** will pay only the storage costs which would have resulted if **we** had moved **your insured car** to a storage facility of **our** choice.

9. Submit to statements and or examinations under oath as often as **we** reasonably require, separately and apart from others, and to sign the transcript.

10. Provide **us** with copies of any documents that **we** reasonably require at the time of the examination under oath and any other time, and allow the copying of

any documents **we** or **our** designated representative requests. This includes producing any documents that **we** identify as being reasonable and necessary to investigate and process **your** claims. Such documents must be provided to **us** or **our** designated representative in a timely manner, and if requested, prior to an examination under oath.

11. Authorize **us** to obtain:
    a. Medical reports and records;
    b. Any documents **we** indicate are necessary to investigate and process **your** claim; and
    c. Event data recorders and/or sensing and diagnostic modules or any other recording device for the purpose of retrieving data following an **accident** or loss.

12. Provide any written sworn proofs of loss **we** require, including all details **we** may need to determine the amounts payable.

13. Send or provide **us**, as soon as reasonably practicable, copies of all legal papers **you** receive relating to any claim or suit.

### B. General Conditions

1. **Policy Period and Territory**

   This policy applies only to **accidents** occurring during the policy period shown on the **Declarations Page** if the **accidents** occur within the United States, its territories or possession, Puerto Rico and Canada, or while **your insured car** is being shipped between their ports.

2. **Your Duty to Report Changed Circumstances**

   a. **Your** policy was issued in reliance on the information **you** provided **us** at time of application, including information concerning any **cars** and persons insured by the policy. **You** agree to cooperate with **us** in determining if the information **you** provided and upon which **we** relied to issue this policy is correct and complete. **You** agree by acceptance of this policy that all information shown on the **Declarations Page** of **your** policy and on the Application is accurate.

   b. **You** agree that if any information changes, is incorrect or incomplete, **you** will notify **us** as soon as reasonably practicable to change it. If **we** determine any information is incorrect or incomplete, **we** may change it. Based upon any new information **you** report or **we** may discover **we** may adjust **your** coverage and premium accordingly during the policy period. Any recalculation by **us** of **your** premium, or any changes **we** make to **your** coverage, based on

## Personal Auto Policy (continued)

new information acquired, will be made using the rules, rates and forms used in **your** state as of the date of the change.

  c. Some of the types of information **you** must notify **us** about include but are not limited to:

    (1) A change of **your** mailing address or the principal garaging of any **your insured car**;

    (2) New drivers residing in **your** household;

    (3) Any persons who become new regular users of **your insured car(s)**;

    (4) **You** or any **family member** obtains a driver's license or operator's permit;

    (5) Changes in the use of **your insured cars**; or

    (6) Changes in **your** discount eligibility.

3. **Coverage Changes**

When **we** broaden coverage during the policy period without charge, the policy will automatically provide the broadened coverage when effective in **your** state. **We** may make other changes or replace this policy, to conform to coverage currently in use at the next policy period.

4. **Legal Action Against Us**

No legal action may be brought against **us** until there has been full compliance with all the terms and conditions of this policy. No person or organization has any right under this policy to bring **us** into any action brought to determine the liability of an insured person.

5. **Transfer of Your Interest**

Interest in this policy may not be assigned without **our** written consent. But, if the **named insured** on the **Declarations Page** dies, the policy will insure, until the end of the policy period:

  a. Any **family member**;

  b. The legal representative of the deceased **named insured** while acting within the scope of duties of a legal representative; or

  c. Any person having proper custody of **your insured car** until a legal representative is appointed.

6. **Our Right to Recover Payment**

  a. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover **damages** from another **we** shall be subrogated to that right. That person shall do:

(1) whatever is necessary to enable **us** to exercise **our** rights, and

(2) nothing after loss to prejudice **our** rights.

However, **our** rights in this paragraph do not apply under Part IV, against any person using **your insured car** with a reasonable belief that the person is entitled to do so.

  b. If **we** make a payment under this policy and the person to or for whom payment is made recovers **damages** from another, that person shall:

(1) hold in trust for **us** the proceeds of the recovery; and

(2) reimburse **us** to the extent of **our** payment.

  c. If **we** exercise **our** right to recovery against another, **we** will also attempt to recover any deductible incurred by an insured person under this policy. **We** reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. **We** reserve the right to reduce reimbursement of the deductible by the proportion that the amount **we** recover bears to the total amount of **our** subrogated claim. **We** will also reduce reimbursement of the deductible by the proportionate share of the collection expenses including attorney fees incurred with **our** recovery efforts. **We** will not recover the deductible if **you** instruct **us** not to.

7. **Bankruptcy**

**We** are not relieved of any obligation under this policy because of the bankruptcy or insolvency of any insured person.

8. **Termination**

  a. **Cancellation**

(1) **You** may cancel this policy by calling **us** or giving **us** advance notice of the future date cancellation is to take effect.

(2) **We** may cancel this policy during the policy period by mailing a notice of cancellation to the **named insured**.

(3) **We** will give at least fifteen (15) days notice of cancellation if:

(a) **We** cancel during the first fifty-nine (59) days of the initial policy period.

(b) The policy is canceled for nonpayment of premium.

## Personal Auto Policy (continued)

(4) **We** will give at least sixty (60) days notice in all other cases.

(5) **We** may cancel this policy for any reason if the notice is mailed within the first fifty-nine (59) days of the initial policy period. After this policy has been in effect for more than fifty-nine (59) days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:

(a) Nonpayment of premium;

(b) If the driver's license or motor vehicle registration of the **named insured** shown on the **Declarations Page** has been under suspension or revocation during the policy period;

(c) A determination that the insured has concealed a material fact, or has made a material allegation contrary to fact or has made a misrepresentation of a material fact and that such concealment, allegation or misrepresentation was material to the acceptance of the risk by **us**; or

(d) Any other reason permitted by law.

(6) **Our** right to cancel this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

(7) The effective date and time of cancellation stated in the notice shall become the end of the policy period.

(8) Any cancellation will be effective for all coverages for all persons and all **cars**.

b. **Nonrenewal**

If **we** decide not to renew or continue this policy, **we** will mail notice to **you**:

(1) At least fifteen (15) days before the end of the policy period for nonpayment of premium or if the driver's license of the **named insured** has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year, since the last anniversary of the original effective date.

(2) At least change to sixty (60) days before the end of the policy period in all other cases. However **our** right to non-renew this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

c. **Automatic Termination**

(1) If **we** offer to renew or continue and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. If **you** fail to pay the required renewal or continuation premium when due, this shall mean that **you** have not accepted **our** offer. All coverage associated with any **car you** own will automatically terminate upon the sale or transfer of **car** ownership.

d. **Other Termination Provisions**

(1) The effective date and time of cancellation stated in the notice shall become the end of the policy period.

(2) Any cancellation will be effective for all coverages for all persons and **cars** insured under this policy.

(3) If this policy is canceled, **you** may be entitled to a premium refund. Any refund due will be computed on a daily pro rata basis.

(4) **Our** making or offering to make a refund is not a condition of cancellation.

9. **Misrepresentation or Fraud**

a. This policy was issued in reliance on the information provided on **your** insurance application, including, but not limited to information regarding the license and driving history of **you**; **family members**; all persons of driving age residing in **your** household; the description of the **cars** to be insured; the location of the principal place of garaging; and **your** place of residence.

b. Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

c. **We** may void this policy if **you** or any insured person have engaged in fraudulent conduct or have concealed, omitted, or misrepresented any material fact or circumstance concerning the application, issuance, renewal or continuation of this policy.

d. **We** may void this policy or deny coverage for an **accident** if **you** or any insured person have concealed, omitted or misrepresented any material fact or circumstance, or engaged in fraudulent

## Personal Auto Policy (continued)

conduct, in connection with the presentation or settlement of a claim.

e. Each and every statement of fact made by any insured person in the application or any subsequent application for insurance or renewal, which is made part hereof, is agreed to be material.

f. **We** may void this policy for fraud or misrepresentation even after the occurrence of an **accident**. This means that **we** will not be liable for any claims or **damages** that would otherwise be covered.

g. If **we** void this policy, it will be void from its inception (void ab initio), and no coverage will be provided whatsoever.

h. To the extent that **we** make payments to **you** under this policy and **our** subsequent investigation reveals **your** involvement in fraud or misrepresentation in the presentation of a claim, **you** must indemnify **us** for all payments made.

10. **Terms Conformed to Statutes**

a. This policy shall be deemed amended to conform to the statutes of the state listed in **your** application if any provision fails to conform to such statutes. Any dispute as to coverages or the provisions of this policy shall be determined and governed by the law of the state listed in **your** application as **your** residence.

b. Policy terms, which conflict with the laws of the state in which this policy issued, are hereby amended to conform to such laws.

11. **Proof of Mailing**

**We** may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

12. **Policy Fee**

A Policy Fee applies to this policy, if set forth on the **Declarations Page**. The fees are fully earned and are not refundable, unless required by state law. However, if **we** cancel **your** policy during the initial policy period, policy fees will be refunded to **you** in full.

13. **Additional Benefits and Services**

**We** may work with independent merchants to try to provide **you** with the best possible value for services and replacement of **your** property. If **we** are able to negotiate any benefits or discounts with these merchants, **we** may extend those benefits to **you** by advising **you** of their availability. **You** will have to contact any identified merchants yourself and deal directly with them. **We**

would never provide any information about **you** to them. **You** are under no obligation to ever contact any of the merchants. **We** are not obligated to expand or continue to make available any such benefits.

14. **Policy Notices**

**We** may mail or, unless prohibited by law, deliver policy notices to **you**. If a lienholder is named in this policy, any notices **we** give to the lienholder may be mailed or delivered. When mailed, the United States Postal Service or its licensed agents or vendors may forward such notices to an updated address per any change of address that **you** have presented to or filed with the United States Postal Service. In addition, **we** may update **our** policy records to reflect this updated address and/or **we** may address future policy notices to this updated address. Except where prohibited by law, a policy notice under this Policy Notices condition will be deemed "mailed" or "delivered" if it is delivered by electronic transmittal or facsimile.

15. **Payment**

At the policy's inception, if **you** make a premium payment using a nonnegotiable instrument such as a check or debit card with insufficient funds, the policy is null and void and is not subject to the Cancellation provisions of the policy. If **you** make a premium payment for a renewal of **your** policy using a nonnegotiable instrument, **our** offer of policy renewal is deemed rejected by **you** and the policy terminated without renewal.

16. **Joint and Individual Interests**

If there is more than one **named insured** on this policy, any **named insured** may cancel or change this policy. The action of one **named insured** will be binding on all persons provided coverage under this policy.

17. **Loss Payable Provisions**

a. It is agreed that at **our** option, any payment for damage to the **car** listed in this policy shall be paid as interest may appear to the **named insured** and the lienholder shown on the **Declarations Page**, or through the repair of the damaged **car**.

(1) When **we** provide payment to the lienholder, the payment will be the lowest of the actual cash value of **your insured car** or the existing loan balance, whichever is less.

(2) Any change in title or ownership of the **car**, or error in its description shall not void coverage afforded to the lienholder.

**Personal Auto Policy** (continued)

b. The policy does not insure **you** or any lienholder for **damages** due to:

(1) conversion;

(2) embezzlement;

(3) secretion;

(4) fraudulent acts;

(5) material misrepresentation or omission; or

(6) intentional damages

by **you**, any **family member** or anyone acting under the direction of either of you.

c. When a payment is made to the lienholder, **we** are entitled to all the rights of the lienholder to the extent of such payment.

(1) The lienholder shall do whatever is necessary to secure such rights.

(2) No subrogation shall impair the right of the lienholder to recover the full amount of its claim.

d. **We** reserve the right to cancel this policy at any time as provided by its terms.

(1) In case of cancellation or lapse **we** will give notice to the lienholder as required under the law.

(2) Cancellation will terminate the policy and this agreement as to any interest of the lienholder.

18. **Limited Material Damage Coverage in Mexico**

WARNING - LIMITED COVERAGE IN MEXICO - READ THIS WARNING CAREFULLY

A. **Car accidents** in Mexico are subject to the laws of Mexico only - NOT the United States of America.

1. With respect to **car accidents**, the laws of the United States and of Mexico are different. For example, in Mexico all **car accidents** are a criminal matter. In the United States, most **car accidents** are only a civil matter. If **you** do not have valid Mexican automobile liability insurance and **you** have an **accident**, **you** may spend time in a Mexican jail or have **your car** impounded.

2. This policy does not provide liability insurance in Mexico. **You** only have coverage for material damage to **your insured car**. It does not provide

valid automobile liability coverage in Mexico. **You** should purchase valid automobile liability coverage from a licensed Mexican insurance company before driving into Mexico.

B. Limited Mexico Coverage

1. If **your insured car** includes Comprehensive Coverage and Collision Coverage as shown on the **Declarations Page**, then Comprehensive Coverage and Collision Coverage are extended on a limited basis when **your insured car** is within Mexico.

2. This limited coverage applies only when:

a. The loss occurs while **your insured car** is within 50 miles of the United States border;

b. **Your insured car** is in Mexico for infrequent trips that do not exceed five (5) consecutive days at any one time, and do not exceed twenty-three (23) days in any calendar month;

c. **Your insured car** is garaged only in the United States;

d. **Your insured car** is maintained, operated, driven or used in Mexico only by **you** or a **family member** who lives in the United States; and

e. **Your insured car** is returned to the United States after a loss for **our** inspection. Any cost for towing and transportation that is required to return **your insured car** to the United States for **our** inspection, or for salvage operations of the **car** while within Mexican territory, are not covered under this policy.

The insurance provided by this provision will be excess over any other collectible insurance.

19. **Car Sharing**

**You** must disclose in writing to **us your** participation as either a driver or **car** owner, in any **Personal Car Sharing Program**, **Commercial Ridesharing Program** or other similar arrangement. Failure to do so may result in the rescission, cancellation or nonrenewal of **your** policy.

**Personal Auto Policy** (continued)

*Special Provisions*

The Company named on the **Declarations Page** has caused this policy to be signed by the officers shown below.

*Secretary*                                           *Vice-President*

## Policy Endorsements



**FARMERS**
INSURANCE

### Accident Forgiveness (J6967 - 2nd Edition)

This coverage applies only to the **car(s)** for which this endorsement is listed on the **Declarations Page**.

If a premium is shown on the **Declarations Page** for this coverage, if there is one **accident** to which a surcharge may be applied after commencement of this coverage, **we** will waive that surcharge in calculating **our** renewal offer(s) for three years for the policy for which this endorsement is listed on the **Declarations Page**. This waiver will not apply if this coverage is terminated.

2nd Edition    2-15                This endorsement is a part of the policy. It changes the policy so please read it carefully. All
                                   other terms and conditions of the policy continue to apply.

# Underinsured Motorist Stacking Limits Rejection Agreement



**Mid-Century Insurance Company**

*Effective Date:*   5/4/2017
*Named Insured:*   Sarah Smith

If you have chosen to keep underinsured motorists coverage in your policy, your next option is to determine if you wish to stack the limits of this coverage. "Stacking" means you can claim a total of the amounts of underinsured motorists coverage assigned to each vehicle in your policy. If you reject "stacked limits", each vehicle insured under the policy will have its own limits of underinsured motorists coverage as stated in the policy.

☒   Underinsured Coverage Limits

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

**X** E-SIGNed 05/16/2017 by
SARAH SMITH                                                          **SIGN HERE** _____

First Named Insured                                                                     Date

# Uninsured Motorist Stacking Limits Rejection Agreement



**FARMERS**
INSURANCE

---

### Mid-Century Insurance Company

*Effective Date:* 5/4/2017
*Named Insured:* Sarah Smith

If you have chosen to keep uninsured motorists coverage in your policy, your next option is to determine if you wish to stack the limits of this coverage. "Stacking" means you can claim a total of the amounts of uninsured motorists coverage assigned to each vehicle in your policy. If you reject "stacked limits", each vehicle insured under the policy will have its own limits of uninsured motorists coverage as stated in the policy.

☒   Selection of Uninsured Motorist Protection

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

X   E-SIGNed 05/16/2017 by
    SARAH SMITH                                        **SIGN HERE** _____

First Named Insured                                    Date

---

farmers.

31-2385   5X-12

## Tort Option Selection Notice to Named Insureds



**F A R M E R S**
INSURANCE

### Mid-Century Insurance Company

*Effective Date:* 10/28/2016
*Named Insured:* Sarah Smith

A. "Limited Tort" Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy, or unless one of the several other exceptions noted in the policy applies (ask your agent, broker or company for a description of "serious injury" and the exceptions). The annual premium for basic coverage as required by law under this "Limited Tort" option is 496.60 . Additional coverages under this option is available at additional cost.

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this "Full Tort" option is 660.80 . Additional coverages under this option is available at additional cost.

C. You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D. If you wish to choose the "Limited Tort" option described in Paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in Paragraph B, and you will be charged the "Full Tort" premium.

☒ I wish to choose the "Limited Tort" option described in Paragraph A.

E-SIGNed 10/30/2016 by
**X** SARAH SMITH                                          **SIGN HERE** _____
First Named Insured                                                      Date

E. If you wish to choose the "Full Tort" option described in Paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in Paragraph B, and you will be charged the "Full Tort" premium.

☐ I wish to choose the "Full Tort" option described in Paragraph B.

**X** _____                          **SIGN HERE** _____
First Named Insured                                                      Date

farmers.com

31-2389   2-14